[No. 3318–2.   Division Two.   December 14, 1978.]

THE CITY OF BONNEY LAKE, *Respondent,* v. KATHERINE L. DELANY, *Appellant.*

*Barton T. Wilson,* for appellant.

*George Kelley* and *Skoog & Mullin,* for respondent.

SOULE, J.—Katherine L. Delany, defendant, was tried in the Bonney Lake Police Court and convicted of speeding and obstructing arrest. On March 11, 1977, acting pro se, she filed a notice of appeal with the Superior Court followed by ten motions of various types, including two motions for a writ of review. The writ of review was sought to bring out alleged irregularities in the municipal proceedings. The Superior Court granted her appeal, denied the writs of review and proceeded to trial de novo. Defendant was convicted on one charge and acquitted on the other.

Upon appeal to this court, defendant contends that it was error for the Superior Court to proceed with a trial de novo based on her notice of appeal, rather than a review of the lower court proceedings based on her subsequent motions.

 Under RCW 3.50.370, municipal court convictions are reviewable in superior court either by an appeal or by a writ of review. The purpose of a writ of review is to review the judicial actions of inferior tribunals when there is *no appeal* nor any plain, speedy and adequate remedy at law. RCW 7.16.030, .040; *Andrus v. Snohomish County,* 8 Wn. App. 502, 507 P.2d 898 (1973).

Defendant in this case was granted an appeal to the superior court. Apparently she objects to the fact that in the de novo proceeding she was precluded from having alleged irregularities in the municipal court reviewed. She

suggests that an appropriate remedy would be a hearing on a writ of review instead of, or prior to, a trial de novo. We disagree.

A reverse situation was presented in *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965), where the pro se defendant did not formally seek a writ of review, but rather, lodged an oral appeal from municipal court to superior court. Under the rules, the superior court lacked jurisdiction to grant a trial de novo without a written notice of appeal, but the court treated the defective appeal effort as a writ of review and granted the parties a hearing on what happened in the municipal court with respect to being forced to trial without the presence of defense counsel. However, the court did not consider the merits of the charges. In holding that the superior court proceedings were in the nature of a writ of review and not an appeal, the Supreme Court distinguished the function and scope of an appeal as follows:

> The superior court has jurisdiction over an appeal, properly perfected, in which case the trial therein is de novo, and on the merits, without reference to any irregularities which may have occurred in the lower court.

(Citations omitted.) *Seattle v. Buerkman, supra* at 540–41.

In *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961), the defendant appealed to the superior court, but after trial de novo there, he contended that the superior court had no jurisdiction because its jurisdiction is derivative and the justice court had no initial jurisdiction. The Supreme Court found that the justice court did have jurisdiction but that its venue was subject to challenge. However, the venue question was held to have been waived by taking the appeal.

> A defendant has an independent action in the superior court to require conformance to the law in procedural matters in the justice court. When, however, the jurisdiction of the superior court is invoked by an appeal from a conviction in the justice court, the superior court does

not review the action of the justice court because it is not a court of record. Such an appeal invokes a trial *de novo.* (Citations omitted.) *State v. Miller, supra* at 29.

This principle was reiterated in *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965), as well as in *State v. Buerkman, supra.*

It follows that an appeal having been properly perfected, there is no other remedy available, and certainly no concurrent or prior remedy for defendant since her efforts to obtain a writ of review were not made until after she perfected her appeal.[1]

Because defendant represented herself pro se in appealing from municipal court, it was suggested in oral argument before this court that she was not versed in the legal consequences of perfecting an appeal, and therefore her intention of seeking review should have been honored in spite of the fact that she perfected an appeal for trial de novo. We find no merit to this suggestion since the rules of procedure apply equally to parties represented by counsel and parties who wish to take the risk of representing themselves. *Cf. State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300 (1978).

The judgment of the trial court is affirmed.

REED, A.C.J., and JOHNSON, J. Pro Tem., concur.

---

[1]The matter not being before us, we express no opinion as to whether or not a proceeding in the nature of a writ of review, if timely perfected, would be supplanted by a notice of appeal given thereafter.