[No. 48268–3.   En Banc.   November 10, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. ELMER L. CRUMRINE, *Petitioner.*

*Mark Leemon* of *Seattle–King County Public Defender Association,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng, Marilyn Sherron,* and *Michael Monroe, Assistants,* for respondent.

ROSELLINI, J.—The petitioner was cited in municipal court for violating ordinances covering negligent driving and running from the scene after hitting an attended vehicle. He was represented by counsel, who waived arraignment. He did not demand a jury trial, as provided in JCrR 4.07 and Seattle Municipal Court Rule 2.08. He was tried before the municipal judge who cleared the negligent driving citation with a warning ticket but found him guilty of hitting and running from an attended vehicle, which carries a maximum penalty of 6 months in jail and a $500 fine. The penalty imposed was a $200 fine and 2 days in jail, both of which were suspended on condition that Crumrine pay $100 court costs and commit no serious traffic offenses for a year.

The petitioner appealed to the superior court, where he contended that implementation of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction violates the constitution in several respects.

These, as well as his further contention that a waiver of

his right to trial by jury must affirmatively appear in the record, were rejected.

In *Seattle v. Hesler,* 98 Wn.2d 73, 653 P.2d 631 (1982), the constitutionality of the RALJ is discussed and resolved in their favor.

We have held in *Pasco v. Mace,* 98 Wn.2d 87, 653 P.2d 618 (1982) that under Const. art. 1, §§ 21 and 22 (amend. 10), there is a right to trial by jury in every criminal case, including those involving misdemeanors. We held in *Seattle v. Filson,* 98 Wn.2d 66, 653 P.2d 608 (1982) that a person charged in a court of limited jurisdiction is not entitled to demand a jury of 12.

The municipal offense of which the petitioner here was found guilty carried a maximum penalty of 6 months in jail and a $500 fine. Therefore, he was entitled to a trial before a jury of six, the number provided by the Legislature pursuant to the authority given in Const. art. 1, § 21.

The central question involved in this case is whether, with the adoption of the RALJ, providing for appeals on the record rather than by trial de novo, JCrR 4.07 and similar local rules lost their validity. It is our conclusion that they did.

JCrR 4.07 provides:

**(a) Trial by Jury—Waiver.** When a trial by jury is authorized by the constitution, statutes or decisions of the Supreme Court, either the state or the defendant may demand a jury, which shall consist of six or less citizens of the state, who shall be impaneled and sworn as required by law. Demand for jury trial must be made at the time the defendant's plea is entered; otherwise, it shall be deemed waived, unless the court rules to the contrary.

As will be seen, the rule contemplates that a waiver of jury trial will be assumed from a silent record. So long as the statutes and the rules of this court provided for a trial de novo on appeal to the superior court, such an assumption could be justified, inasmuch as the constitutional right to jury trial could be satisfied on appeal. *See George v.*

*Day,* 69 Wn.2d 836, 420 P.2d 677 (1966).[1] Now that such a trial is no longer available on appeal, the right to jury trial must be fully protected in the court of limited jurisdiction where the case is tried.

In company with the United States Supreme Court, we are now committed to the principle that waiver of an important constitutional right, such as the right to trial by jury, cannot be assumed from a silent record even though the defendant was represented by counsel. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979); *State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980). The burden is on the prosecution to establish that the waiver was knowing and voluntary. *Boykin v. Alabama, supra.*

After the effective date of the RALJ, it became necessary for the record to show in a criminal prosecution in courts of limited jurisdiction that the defendant knowingly and voluntarily waived his right to jury trial.

Here, the only indication that the petitioner waived his right to a jury trial was his failure to demand one. That is not sufficient to meet constitutional requirements.

The case must be remanded with directions to give the petitioner an opportunity to plead anew.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

---

[1]In *Callan v. Wilson,* 127 U.S. 540, 32 L. Ed. 223, 8 S. Ct. 1301 (1888) (cited in *State ex rel. O'Brien v. Towne,* 64 Wn.2d 581, 392 P.2d 818 (1964)), the Supreme Court held that the right to trial by jury is not satisfied by a statute which gives the right only on appeal. That case did not involve the question whether a jury trial can be deemed waived if not requested at the trial level, where the statute affords a second trial, with a jury of 12, at the appellate level. We are cited to no case holding that, under such circumstances, a waiver cannot be assumed.