[Nos. 49670–6, 49570–0. En Banc. April 12, 1984.]

THE CITY OF SEATTLE, *Respondent,* v. JONATHAN R. WILLIAMS, *Petitioner.*

THE CITY OF SEATTLE, *Respondent,* v. ELVIRA NUGENT, *Petitioner.*

*Robert Goldsmith* and *Mark Leemon* of *Seattle–King County Public Defender Association,* for petitioners.

*Douglas N. Jewett, City Attorney,* and *Augustin R. Jimenez, Elizabeth M. Rene,* and *Douglas B. Whalley, Assistants,* for respondent.

PEARSON, J.—In these two consolidated cases, defendants seek review of the Seattle Municipal Court's denial of their demands for jury trials. Secondary issues involve the scope of statutory writs as a means of review of interlocutory decisions after the implementation of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction.

I

The facts in these cases are similar. At arraignment, defendants signed forms indicating they did not request jury trials. Both were nominally represented by counsel at arraignment. Their attorneys for arraignment submitted affidavits stating, in effect, that they did not advise defendants to permanently waive their jury trial rights, but to postpone the decision until they talked with their trial attorneys.

More than 10 days after arraignment, and shortly before their scheduled bench trials, defendants requested jury trials. Their requests were denied on the ground that they failed to comply with Seattle Municipal Court Rule 2.08, which precludes a jury trial unless demanded within 10 days of arraignment. Both defendants petitioned for writs of review in the King County Superior Court. The petitions were granted and the cases consolidated for oral argument, which was heard on January 21, 1983. On March 9, 1983, an order was filed affirming the Municipal Court's decisions. The defendants filed notices of appeal to the Court of Appeals, and the cases were later transferred to this court.

The procedural facts of each case will be presented separately. Defendant Elvira Nugent was charged with a misdemeanor pursuant to the Seattle Municipal Code. At her November 2, 1982, arraignment in Seattle Municipal Court, a group advice–of–rights procedure was conducted. The arraignees were advised of their constitutional rights, including the right to a jury trial. The record indicates that defendant Nugent was late and was not present at the group advice–of–rights session.

When the defendant's case was called, the following colloquy took place between Nugent and the prosecutor:

PROSECUTOR: Ms. Nugent, you've been charged with [a misdemeanor] committed on the 27th of last month. What's your plea to the charge, guilty or not guilty?

NUGENT: Not guilty.

PROSECUTOR: The form you've signed indicates you're not asking for a jury trial today, is that right?

NUGENT: Right.

PROSECUTOR: You understand you can still get a jury trial by asking for it within ten days of today, but after ten days have gone by, you can't get a jury trial any longer.

NUGENT: I understand.

PROSECUTOR: And the bailiff will give you information as to how to contact the Office of Public Defense out there. And they give you your trial date. If you want an attorney, a court appointed attorney, or a private attorney, it's important you try to make arrangements right away, because no continuance of your case will be granted. If you put off or delay seeing an attorney, it will probably make it impossible for him to either come to court on the day that your trial is already scheduled, because he's booked up for that day, or make it impossible for him to prepare a defense. OK?

NUGENT: I understand:

PROSECUTOR: Just have a seat and you'll get a trial date in a couple of minutes.

The form referred to by the prosecutor was a written plea of not guilty signed by the defendant. The portion of this form where defendant indicated her preference for a bench trial reads as follows:

At this time I ~~do~~/do not request a jury trial. I understand that either I or my attorney may demand a jury trial within ten days (10) excluding today and including the next day that Court is in session in the event the 10th day falls on a Saturday, Sunday or Court Holiday.

A bench trial was set for November 29, 1982. On November 19, 1982, Nugent secured counsel to represent her at trial through the public defender's office. On November 24, 1982, defendant filed a jury demand with the Municipal Court. The request was denied. On November 29, 1982, the scheduled trial date, Nugent petitioned for a writ of review.

Turning now to defendant Jonathan R. Williams, his charge was of various misdemeanors in violation of the Seattle Municipal Code. He was arraigned on October 9, 1982. There is no indication in the record that an advice–of–rights procedure took place as in defendant Nugent's case.

When Williams' case was called the following colloquy took place between him and the prosecutor:

PROSECUTOR: Mr. Williams, you've been charged with [various misdemeanors]. What's your plea to the charges?

WILLIAMS: Not guilty.

PROSECUTOR: Do you wish to have your case tried by a judge or a jury?

WILLIAMS: Judge.

PROSECUTOR: If you change your mind to get a jury, in order to do that you have to make your request for one within ten days of today, otherwise you've waived your right to get a jury trial. Understand that?

WILLIAMS: Yes.

Williams signed a written plea of not guilty, and indicated on the form that he was not requesting a jury trial. This form is essentially the same as that signed by defendant Nugent.

A bench trial was set for November 22, 1982. On November 16, 1982, Williams secured counsel to represent him at trial through the public defender's office. On November 19, 1982, defendant filed a demand for a jury

trial. The motion was denied. On November 22, 1982, the scheduled trial date, Williams petitioned for a writ of review in superior court.

Both respondent and petitioners agree that the defendants, who are accused of misdemeanors, are entitled to jury trials. As we recently stated in *Pasco v. Mace,* 98 Wn.2d 87, 99–100, 653 P.2d 618 (1982):

> It is our conclusion that, under the concept embodied in the constitution of Washington, enacted as it was in light of the laws of the territory existing at that time, no offense can be deemed so petty as to warrant denying a jury if it constitutes a crime.
>
> . . .
> . . . As for those offenses which carry a criminal stigma and particularly those for which a possible term of imprisonment is prescribed, the constitution requires that a jury trial be afforded *unless waived.*

(Italics ours.)

■ The first issue before us is whether the defendants waived their constitutional right to jury trials. Our recent decision in *Seattle v. Crumrine,* 98 Wn.2d 62, 65, 653 P.2d 605 (1982) provides guidance for making this determination.

> In company with the United States Supreme Court, we are now committed to the principle that waiver of an important constitutional right, such as the right to trial by jury, cannot be assumed from a silent record even though the defendant was represented by counsel. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979); *State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980). The burden is on the prosecution to establish that the waiver was knowing and voluntary. *Boykin v. Alabama, supra.*
>
> After the effective date of the RALJ, it became necessary for the record to show in a criminal prosecution in courts of limited jurisdiction that the defendant knowingly and voluntarily waived his right to jury trial.

Additional guidance is found in our decision in *State v. Wicke,* 91 Wn.2d 638, 645, 591 P.2d 452 (1979):

In examining a claimed waiver by a criminal defendant of a right constitutionally guaranteed to protect a fair trial, it would seem that every reasonable presumption should be indulged against the waiver of such a right, absent an adequate record to the contrary.

The defendants' respective records indicate neither was informed of his or her constitutional right to a jury trial. There is no indication either defendant was present for the group advice–of–rights session. Neither the records of arraignment nor the plea forms signed by defendants indicate they were informed of their constitutional right to jury trial. On this record, we hold the prosecution has failed to establish that defendants knowingly waived their right to jury trial.

We next consider the constitutionality of Seattle Municipal Court Rule (SMCR) 2.08. SMCR 2.08 provides:

> The defendant may demand a jury trial. The demand must be made in writing within ten (10) days after the defendant enters his plea to the charge or within ten (10) days of receipt of notice of appearance of counsel, whichever occurs first. If he fails to do so, the right to a jury trial shall be deemed waived.

This same rule was involved in *Seattle v. Crumrine, supra,* where we invalidated JCrR 4.07, and similar local court rules which allow waiver of the jury trial right from a silent record. *Crumrine,* at 64. Since SMCR 2.08 would allow a "deemed" waiver from a silent record, it suffers from the same shortcoming as JCrR 4.07. In addition, the rule is improperly worded in that a criminal defendant in a court of limited jurisdiction need not *demand* a jury trial. As we held in *Pasco v. Mace, supra,* criminal misdemeanants have a constitutional right to a jury trial. The state and federal constitutions, and not court rules, are the source of the jury trial right. On these grounds, we hold SMCR 2.08 invalid.

Nevertheless, respondent argues there is a need for a provision similar to that found in SMCR 2.08 which would require defendants to demand a jury trial within 10 days of arraignment. Such a provision is necessary, according to

respondent, due to the high volume of cases heard in courts of limited jurisdiction.[1] We are sympathetic with this concern, and agree that advance notice of jury trials is necessary for these courts to run efficiently. However, while we strive for efficiency in courts of limited jurisdiction, we must also fashion procedures which adequately protect the constitutional right to jury trial.

■ We find nothing that bars courts of limited jurisdiction from asking defendants at arraignment whether or not they choose a jury trial. However, to adequately protect the defendant's rights, the following procedures must be followed:

1. The defendant must be informed of his constitutional right to a jury trial. This may be done individually or in a group advice–of–rights session before the court and on the record.

2. If the defendant indicates he wants to waive his right to a jury trial, he must be, informed that he has a certain number of days (a minimum of 10) to change his mind and request a jury trial. The conditional waiver made at arraignment must be in writing.

By giving the defendant who initially waives the jury trial right at least 10 days to change his mind, the court gives him time to contact his trial attorney and seek advice on whether the waiver was in his best interests.

If, after the 10–day period has passed, a defendant moves to withdraw the waiver and have his case tried before a jury, it is within the discretion of the trial court to grant or deny the motion. In *Thomas v. Commonwealth,* 218 Va. 553, 238 S.E.2d 834 (1977), the Supreme Court of Virginia dealt with this question of the withdrawal of a waiver of trial by jury. The Virginia court held that such a motion should be granted unless the trial court finds that the motion was made for the purpose of delay, or that granting the motion would unduly delay the trial or otherwise

---

[1] In Seattle Municipal Court over 45,000 defendants were arraigned in 1982. *Municipal Court of Seattle Annual Report* (1982), at 5.

impede the cause of justice. We find this reasoning sound and urge courts of limited jurisdiction to follow this approach.

## II

When this case was accepted for review, we raised several questions, sua sponte, concerning the effect of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction on the availability of statutory writs as a method of review of interlocutory decisions by courts of limited jurisdiction. Those questions are:

1. In what manner, if at all, does adoption of the RALJ affect the availability of a writ of review to seek superior court review of an interlocutory order of a court of limited jurisdiction?

2. Is a superior court decision on a writ of review a final decision on the merits, such that a party may not raise the issue again in a later RALJ appeal?

3. Is a superior court decision on a writ of review to a court of limited jurisdiction subject to further review by the Court of Appeals or Supreme Court as a matter of right or as a matter of discretion?

4. Should a decision of a superior court on a writ of review from a court of limited jurisdiction be considered a civil matter for purposes of RAP 15.2 even where the underlying action is a criminal prosecution?

5. Where review of a decision of a court of limited jurisdiction has been provided in the superior court, is there a right to review at public expense by the Court of Appeals or Supreme Court?

We will address these questions in the order set forth above.

## A

RALJ 1.1(b) specifically retains statutory writs for review of decisions of courts of limited jurisdiction. RALJ 1.1(b) provides:

> **(b)** . . . These rules do not supersede and do not govern the procedure for seeking review of a decision of a

court of limited jurisdiction by statutory writ.

The reason statutory writs were retained in the RALJ lies in article 4, section 6, of our constitution, which establishes the jurisdiction of the superior court. The relevant portion of Const. art. 4, § 6 reads:

> [Superior] courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties.

The grounds for granting statutory writs are set out in RCW 7.16.040:

> A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, *and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.*

(Italics ours.) By eliminating de novo trials and providing for appellate review of the recorded proceedings in lower courts, the RALJ have created a "remedy at law" in many areas where none previously existed. Under the prior de novo trial system, a large number of municipal court interlocutory orders were subject to review by writ because an appeal, and a new trial in superior court, would not have been an adequate remedy. For example, if a defendant's motion to dismiss for violation of JCrR 3.08, the speedy trial rule, was denied by the trial court, and he appealed his conviction, his trial de novo would not be subject to the district court speedy trial rules and the issue could not be raised. *See State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978). Similarly, municipal court pretrial motions relating to discovery, continuances, venue, denial of counsel, denial of jury trial, and so forth, all became moot at the superior court level. Only by applying for a writ of review or prohibition could a litigant obtain adequate

appellate review. *See Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965); *Bonney Lk. v. Delany,* 22 Wn. App. 193, 588 P.2d 1203 (1978).

In contrast, under the RALJ, lower court rulings on such motions may now be appealed, and are subject to review and reversal by the superior court. However, the only method of review of interlocutory decisions in courts of limited jurisdiction is still the statutory writ.

The nature of most cases in courts of limited jurisdiction is such that a typical trial involves only a few witnesses and lasts only a short time. Often it will be much quicker and less costly for all concerned to appeal an interlocutory decision after the case has been tried than to seek review by statutory writ.

In *State v. Harris,* 2 Wn. App. 272, 469 P.2d 937 (1970), *rev'd on other grounds,* 78 Wn.2d 894, 480 P.2d 484, *reinstated,* 404 U.S. 55, 30 L. Ed. 2d 212, 92 S. Ct. 183 (1971), the Court of Appeals discussed the grounds for issuance of statutory writs as methods of review of interlocutory decisions. After noting policy considerations behind the sparing use of statutory writs, the court proposed the following guidelines:

> We are tempted to announce the rule that the remedy by appeal is inadequate whenever it appears inequitable to require the litigants to proceed through a lengthy, expensive trial which, if the present state of the case were allowed to continue, would mean an unquestioned reversal and termination of the entire litigation when appealed after the trial.

*State v. Harris,* 2 Wn. App. at 280–81. Since the RALJ provides a "speedy and adequate remedy at law" in most instances, we conclude that statutory writs should be granted sparingly when used as a method of review of interlocutory decisions of courts of limited jurisdiction. The superior courts should follow the above guidelines found in *State v. Harris* in deciding whether to grant a petition.

B

We agree with petitioners and respondent that a

superior court decision, after issuance of a writ, is a final decision and the issue may not be raised in a later RALJ appeal. However, if the superior court denies an application for a writ, the petitioner is allowed to raise the issue again in a later RALJ appeal.

## C

■ A superior court decision on a writ of review is subject to further review by the Court of Appeals or this court solely as a matter of discretion and not as a matter of right.

RAP 2.2(c) governs this issue:

> If the superior court decision has been entered after a proceeding to review a decision of a court of limited jurisdiction, a party may appeal only if the review proceeding was a trial de novo and the final judgment is not a finding that a traffic infraction has been committed.

RCW 7.16.350, which provided for a right to appeal from a superior court decision on a writ of review, was superseded by RAP 2.2(c). Since there is no longer a trial de novo in superior court, review of a superior court decision on a writ of review is a matter of discretion subject to the considerations found in RAP 2.3(d). *See Alter v. Issaquah Dist. Court,* 35 Wn. App. 590, 668 P.2d 609 (1983).

## D

The final two issues can be addressed together, since they both involve the right to review of a superior court decision on a statutory writ at public expense.

RAP 15.2 deals with the public funding of appellate review in civil and criminal cases. Defendants in criminal cases, and cases involving certain fundamental rights, require simply a determination of indigency before they are allowed public funds. Defendants in civil cases must establish that the issue to be reviewed has probable merit and that the party has a constitutional right to review at public expense.

■ Statutory writs have traditionally been treated as civil matters even though the underlying action is criminal in nature. RCW 7.16.340. However, if review of a writ is

considered a civil matter for the purposes of RAP 15.2, then a defendant would have to establish that the issue has probable merit before he could proceed at public expense. Such a requirement runs afoul with the Supreme Court's decision in *Draper v. Washington,* 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963), where the Court held that an indigent's right to appeal at public expense could not be denied by a trial judge's determination that the appeal was frivolous.

Indigent criminal defendants have a constitutional right to review at public expense. *In re Lewis,* 88 Wn.2d 556, 564 P.2d 328 (1977). Since a decision on a writ of review is a final decision on the merits, and cannot be raised in a later RALJ appeal, we hold that review of a writ is a criminal case for the purposes of RAP 15.2, and an indigent defendant has a right to review at public expense.

The decision of the Superior Court is reversed. Both cases are remanded to the Seattle Municipal Court for jury trials.

WILLIAMS, C.J., ROSELLINI and UTTER, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DORE, J., concurs in the result.

DOLLIVER, J. (dissenting)—I cannot accept the view of the majority that defendants did not knowingly waive their right to jury trial nor that Seattle Municipal Court Rule (SMCR) 2.08 is not applicable in this case. The majority states the court is faced with a silent record. It is not. In addition to the colloquia recorded by the majority, there is further information in the record.

In the case of defendant Nugent on a document entitled "Plea of Not Guilty Giving up the Right of Formal Arraignment", the following language appears: "I have been advised of my rights by the court and have discussed them with a lawyer." This document is signed by defendant Nugent and by her attorney who is designated as "Attorney for Defendant for Arraignment only". In the case of

defendant Williams on a form provided by the Public Defender (who now brings this appeal) which is entitled "Plea of Not Guilty and Demand for Trial" the following language appears:

I have talked to a lawyer from the Public Defender Association about my case. I accept the services of that attorney for today's hearing. I have been advised of my rights by the court.

This form is signed by defendant Williams and by his attorney who is designated as "Attorney for Defendant Arraignment".

Defendants now appear before this court and, citing *Seattle v. Crumrine*, 98 Wn.2d 62, 653 P.2d 605 (1982), claim they did not waive their rights to a jury trial. The majority agrees and reverses. There is no allegation by defendants that they were somehow deficient in their understanding of the English language, that they could not or did not in fact read what they had signed, or that they were other than sentient beings. Here, both "arraignment attorneys" have submitted affidavits indicating they had never intended to advise defendants to waive their right to a jury trial. However, it seems reasonable, in accordance with standards of this court, and public expectations, for the attorneys who were present and who signed the documents relating to a jury trial, to have advised defendants of their constitutional right of trial by jury. This seems particularly true in the case of Nugent where the attorney signed the document in which Nugent states she had been advised of her rights by the court and had "discussed them with a lawyer." In the case of Williams, although the document does not say he had discussed his rights with his attorney, he does state, with the signed concurrence of his attorney, that he had "talked to a lawyer from the Public Defender Association"—the very group of attorneys bringing this appeal.

To suggest that the defendants, based on this record, were not fully informed of their constitutional rights and the import of SMCR 2.08 is to involve this court in a vast

charade. If arraignment counsel now claim they did not advise defendants of their rights, at the very least, they should receive substantial sanctions and terms from this court. No such claim, however, was made.

In her affidavit arraignment counsel for Nugent states:

[I]t was never the intent of the Associated Counsel for the Accused to advise people to permanently waive their jury trial right, but, to postpone the decision until they have had sufficient time to talk to their trial attorney.

Counsel for Williams states: "[A]t no time was the defendant told that failure to request a jury trial at arraignment would waive his right to a jury trial." I note that neither counsel avers defendants were not advised of their rights. This being so, it is the inescapable conclusion from this record that defendants knew their rights and simply chose to sleep on them.

This is corroborated by the colloquia recounted by the majority in which each defendant was advised, in the presence of arraignment counsel and the judge, that a jury trial could be had for the asking within 10 days and if the request was not made during that time "you can't get a jury trial any longer" (Williams) and "you've waived your right to get a jury trial" (Nugent). In the case of Williams, he said "I understand"; and Nugent, when asked if she understood, said "Yes."

Defendants now arrive at this court post–*Crumrine* claiming ignorance and constitutional infirmity of the municipal court rules. This claim is belied by the record. It should not be allowed.

I dissent.

BRACHTENBACH and DIMMICK, JJ., concur with DOLLIVER, J.

Reconsideration denied June 18, 1984.