[No. 64963-9-I.   Division One.   August 16, 2010.]

*In the Matter of the Detention of* JOHN PAUL COPPIN, *Appellant.*

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Robert M. McKenna, Attorney General*, and *Brooke Elizabeth Burbank* and *Jana R. Hartman, Assistants*, for respondent.

¶1 Cox, J. — The sexually violent predator act (SVPA), chapter 71.09 RCW, is civil in nature and provides for the right to demand a trial before a 12-person jury.[1] But the

---

[1] *In re Det. of Williams*, 147 Wn.2d 476, 488, 55 P.3d 597 (2002) (citing *In re Pers. Restraint of Young*, 122 Wn.2d 1, 23, 857 P.2d 989 (1993)); RCW 71.09.050(3) ("The person, the prosecuting agency, or the judge shall have the right to demand that the trial be before a twelve-person jury. If no demand is made, the trial shall be before the court."). Former RCW 71.09.050(3) (1995) is before us in this case. Former RCW 71.09.050(3) was amended by Laws of 2009, ch. 409, § 5. Comparison of the former and current versions of the statute shows that the current version

right to a jury trial in a civil case may be waived. Whether to refuse a jury demand after such waiver is a question addressed by the trial court's sound exercise of discretion.[2]

¶2 Here, John Coppin did not make a jury demand until the morning of his trial. Moreover, he expressly waived, on the record during a court hearing and in writing, his right to a jury six days before his trial. We hold that the trial court did not abuse its discretion in denying his request for a jury on the first morning of his trial. We also hold that the evidence was sufficient to establish beyond a reasonable doubt that he had previously been convicted of a "crime of sexual violence," as required by the SVPA. His other claims, which we discuss in the unpublished portion of this opinion, are without merit. We affirm.

¶3 The facts of this case are undisputed. In 1982, Coppin was convicted in California of two counts of lewd and lascivious acts upon a child under 14 and one count of oral copulation. In 1988, Coppin was convicted of two counts of statutory rape in the first degree in Washington. Based on these latter convictions, a trial court sentenced him to an exceptional sentence of 300 months of total confinement.

¶4 In November 2005, while Coppin was still in total confinement for his Washington convictions, the State commenced this proceeding to commit him as a sexually violent predator (SVP). The State simultaneously filed its written demand for jury trial, dated November 22, 2005, requesting a trial by a jury of 12 persons. Coppin did not file a jury demand.

¶5 On October 31, 2007, the trial court set the case for trial on January 22, 2008. The State withdrew its jury demand at a hearing on January 16, 2008. Coppin did not object. At that same hearing, he expressly waived his right to have his case heard by a jury of 12, and the court

substitutes the phrase "the prosecuting agency" for "the prosecuting attorney or attorney general" in the former statute.

[2] *City of Seattle v. Williams*, 101 Wn.2d 445, 452-53, 680 P.2d 1051 (1984); *see also Balise v. Underwood*, 71 Wn.2d 331, 339-40, 428 P.2d 573 (1967).

accepted his waiver. Accordingly, the judge stated his intent to proceed with a bench trial the following week.

¶6 Six days later, on the first morning of the scheduled trial, Coppin sought to withdraw his earlier express waiver of a jury trial and requested that the case be heard by a jury. Following argument by counsel for both sides, the trial court denied Coppin's requests and proceeded with a bench trial.

¶7 At the conclusion of the trial, the judge found beyond a reasonable doubt that Coppin was an SVP and ordered that he be involuntarily committed for treatment.

¶8 Coppin appeals.

## JURY TRIAL

¶9 Coppin argues that the order of commitment was entered in violation of his right to a jury trial under both former RCW 71.09.050(3) (1995) and article I, section 21 of the Washington Constitution. We disagree and hold that the trial court did not abuse its discretion in denying Coppin's request for a jury on the first morning of trial.

¶10 The SVPA is civil in nature.[3] When a person who has been convicted of a sexually violent offense may meet the statutory criteria of a sexually violent predator, the Department of Corrections must refer the person to the appropriate prosecuting agency three months before his or her anticipated release from total confinement.[4] The State, through the appropriate prosecuting agency, may file a petition alleging that the person is a sexually violent predator and stating sufficient facts to support the allegation.[5]

¶11 Upon the filing of such a petition, "the judge shall determine whether probable cause exists to believe that the

---

[3] *In re Williams,* 147 Wn.2d at 488 (citing *Young,* 122 Wn.2d at 23).

[4] RCW 71.09.025(1)(a), (3), .030; *In re Williams,* 147 Wn.2d at 486.

[5] RCW 71.09.030.

person named in the petition is a sexually violent predator."[6] If such determination is made, the judge shall direct that the person be taken into custody.[7]

¶12 The statute also provides for a trial on the allegations of the petition.[8]

¶13 "The civil rules 'govern the procedure in the superior court in all suits of a civil nature' " with the exceptions set out in Superior Court Civil Rule (CR) 81.[9] In pertinent part, CR 81 states that "*[e]xcept where inconsistent with rules or statutes applicable to special proceedings*, these rules shall govern all civil proceedings."[10] " 'Proceedings under chapter 71.09 RCW are special proceedings within the meaning of CR 81.' "[11]

## Waiver of Jury Trial

¶14 Washington's SVPA provides that the respondent as well as others involved in an SVP commitment proceeding may demand a 12-person jury trial. The legislature provided in former RCW 71.09.050(3), which was in effect at the time of Coppin's trial, as follows:

> The person, the prosecuting attorney or attorney general, or the judge shall have the right to demand that the trial be before a twelve-person jury. If no demand is made, the trial shall be before the court.

¶15 Likewise, the state supreme court has promulgated a civil rule of procedure, CR 38, "**JURY TRIAL OF RIGHT**," which provides:

---

[6] RCW 71.09.040(1).

[7] *Id.*

[8] RCW 71.09.050(1).

[9] *In re Williams*, 147 Wn.2d at 488 (quoting CR 1).

[10] CR 81(a) (emphasis added).

[11] *In re Williams*, 147 Wn.2d at 488 (quoting *In re Det. of Mathers*, 100 Wn. App. 336, 340, 998 P.2d 336 (2000)).

(–) **Defined.** A trial is the judicial examination of the issues between the parties, whether they are issues of law or fact.

(a) **Right of Jury Trial Preserved.** The right of trial by jury as declared by article 1, section 21 of the constitution or as given by a statute shall be preserved to the parties inviolate.

(b) **Demand for Jury.** At or prior to the time the case is called to be set for trial, any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing, by filing the demand with the clerk, and by paying the jury fee required by law. If before the case is called to be set for trial no party serves or files a demand that the case be tried by a jury of twelve, it shall be tried by a jury of six members with the concurrence of five being required to reach a verdict.

. . . .

(d) **Waiver of Jury.** The failure of a party to serve a demand as required by this rule, to file it as required by this rule, and to pay the jury fee required by law in accordance with this rule, constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

¶16 Here, the State filed its written demand for jury trial on November 22, 2005, seeking a jury of 12, pursuant to "CR 38 and RCW 71.09.050(3)."[12] Coppin never demanded a jury until the morning of the first day of his trial on January 22, 2008.

¶17 It appears that this case was initially set for trial to begin on February 25, 2008. At a status conference in October 2007, the court advanced the trial date to January 22, 2008. At that same conference, the State's attorney advised that the State's expert witness, Dr. Dennis Doren, had already retired but had "agreed as a courtesy to stay on this case and finish it out," as long as the case "would be going forward no later than February [2008]."

¶18 At a subsequent review hearing on January 4, 2008, counsel for both parties and the court discussed the possi-

---

[12] Clerk's Papers at 16.

bility of the State's waiving its demand for a jury trial and proceeding with a bench trial. In the prior month, the State's counsel had indicated to Coppin's counsel that the State might be willing to waive its right to a jury trial. At the January hearing, the State confirmed that it was willing to waive a jury. Coppin's counsel told the trial court that he wanted an opportunity to confirm Coppin's willingness to do so as well. The judge declined to make any determinations at that time because Coppin was not present at the hearing. The judge directed the parties to schedule a hearing on the issue of jury waiver so that Coppin could participate in what the judge characterized as "a critical stage of the proceedings."

¶19 That hearing was held on January 16, 2008. Coppin was present. His counsel indicated that he had spoken with Coppin both by phone and in person prior to the hearing. Counsel indicated that Coppin consented to have the matter tried as a bench trial. Counsel then handed forward a waiver of demand for jury trial dated January 16, 2008, which he, Coppin, and counsel for the State had signed.

¶20 The trial court then conducted a colloquy, on the record, with Coppin confirming his waiver of a jury. Thereafter, the trial court accepted Coppin's waiver of a jury and stated that the scheduled trial on January 22 would be to the bench.

¶21 Coppin does not challenge the validity of his express waiver of his right to a jury trial. He acknowledges that he "agreed to waive his right to a jury trial" at that January 16 hearing and that the waiver was effective.

## Denial of Request for Jury Trial Following Waiver

¶22 Although Coppin does not challenge the validity of his express waiver of the right to a jury, he argues that the trial court erred by denying his request for a jury on the first morning of his scheduled trial. He claims this was improper for several reasons, none of which withstand scrutiny.

¶23 First, he argues that under the language of former RCW 71.09.050(3), "a trial court must honor a jury demand even if it is made orally, late in the proceedings, and after an initial waiver of the jury right."[13] We disagree.

¶24 In addressing this claim, we are guided by *Sackett v. Santilli*.[14] That was a civil case in which the supreme court considered whether CR 38(d), which provides for implied consent to the waiver of the right to jury trial in civil cases, contravened the state constitution.[15] Specifically, the plaintiffs in a personal injury action asserted that CR 38(d) was unconstitutional because it represented "an assumption by the judiciary of the legislature's exclusive power to provide for the waiver of the right to trial by jury in civil cases."[16]

¶25 The supreme court traced the history of former RCW 4.44.100, which was enacted in 1903 and repealed in 1984, by which the legislature provided for waiver of the right to jury trial in civil cases.[17] The court observed that the 1984 repeal of the statute had the effect of leaving CR 38 as the only provision either in the statutes or in the court rules governing the waiver of the right to a jury trial in civil cases.[18] The court also discussed its inherent power to promulgate court rules, provided they did not contravene the state constitution.[19]

¶26 Ultimately, the supreme court held that both it and the legislature have coextensive powers to provide for waiver of the right to jury trial in civil cases.[20] Thus, CR 38(d), the court rule providing for waiver of a jury in civil

---

[13] Appellant's Opening Brief at 10.

[14] 146 Wn.2d 498, 47 P.3d 948 (2002).

[15] *Id.* at 502.

[16] *Id.*

[17] *Id.* at 502-03.

[18] *Id.* at 503.

[19] *Id.* at 504.

[20] *Id.* at 505-06, 508.

cases, is a constitutional exercise of the supreme court's rule making authority.[21]

¶27 We see no reason to view the interplay between CR 38(d) and former RCW 71.09.050(3), which granted a statutory right to trial by a jury of 12 in SVP proceedings, as substantially different from the interplay between CR 38(d) and former RCW 4.44.100 respecting waiver of the right to trial by jury. As *Sackett* holds, the supreme court has the constitutional power to adopt CR 38(d).[22] That power is coextensive with the power of the legislature to deal with the same subject matter.[23] As the supreme court observed in *Sackett*, CR 38 appears to remain as the only provision either in statutes or in court rules governing the waiver of the right to trial by jury in civil cases.[24] Given the coextensive powers of the supreme court and the legislature discussed in *Sackett*, and the principle that "apparent conflicts between a court rule and a statutory provision should be harmonized, and both given effect if possible,"[25] the question in this civil case is the extent to which the court rule and the SVP statute should be harmonized respecting waiver of the right to trial by jury in this SVP proceeding.[26]

¶28 With these considerations in mind, we cannot agree with Coppin that the trial court was required to honor his jury demand under the SVPA made on the first day of his scheduled trial. CR 38(d) expressly states:

> The failure of a party to serve a demand as required by this rule, to file it as required by this rule, and to pay the jury fee required by law in accordance with this rule, constitutes a waiver by him of trial by jury. A demand for trial by jury made

[21] *Id.* at 508.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 503.

[25] *State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984).

[26] *See also* CR 81(a) ("Except where inconsistent with rule or statutes applicable to special proceedings, these rules shall govern all civil proceedings.").

as herein provided may not be withdrawn without the consent of the parties.

¶29 The first sentence of CR 38(b) specifies that a jury demand may be made "[a]t or prior to the time the case is called to be set for trial."[27] The second sentence of that same subsection sets forth the procedure to follow when making such a demand.[28] Thus, the failure to comply with the provisions of CR 38(b) constitutes an implied waiver of the right to trial by jury under CR 38(d). It is undisputed that Coppin failed to take any of the steps that the rule requires.

¶30 On the other hand, the statute is silent on these specific points of timing and procedure. RCW 71.09.050(3) is limited to specifying who may demand a jury trial, the number of jurors at such a trial, and the consequence of failing to demand a jury—"the trial shall be before the court." In sum, the legislature has said nothing on the subject of waiver of the right to trial by jury in SVP proceedings.

¶31 Harmonizing the rule and the statute by reading them together, we conclude that a jury demand made after a case has been set for trial in an SVP proceeding generally is too late. Although the statute is silent on the timing of a jury demand, CR 38 makes clear that a demand for a jury must be made no later than at the time a case is set for trial. Thus, an untimely request for a jury in an SVP proceeding, which is civil in nature, generally waives the right to have one. Moreover, as the statute specifies, "If no demand is made, the trial shall be before the court."[29]

---

[27] CR 38(b) ("**Demand for Jury.** At or prior to the time the case is called to be set for trial, any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing, by filing the demand with the clerk, and by paying the jury fee required by law. If before the case is called to be set for trial no party serves or files a demand that the case be tried by a jury of twelve, it shall be tried by a jury of six members with the concurrence of five being required to reach a verdict.").

[28] *Id.*

[29] RCW 71.09.050(3).

¶32 In harmonizing these specific provisions of the rule and statute as to timing and procedure, we do not suggest that all provisions of the statute and rule can or should be harmonized. For example, CR 38 permits a jury of 6 under certain conditions in civil cases. The statute expressly states that a jury of 12 is required in SVP trials.[30]

¶33 CR 38 also provides for the concurrence of only 5 of a 6-person jury to reach a verdict in certain circumstances. In contrast, the SVPA and case authority dictate that unanimity of all 12 jurors in an SVP proceeding is required for a verdict.[31]

¶34 Because the statute and court rule conflict in these respects, courts should look to the provisions of CR 81 and the case authority construing the effect of that rule in SVP proceedings.[32]

¶35 We also take this opportunity to make clear that a trial judge retains his or her ability to exercise discretion in applying CR 38 and the statute to the circumstances of each case following waiver of a jury trial. There is ample authority under CR 1 and case law for a court to exercise such discretion in applying the court rule.[33] The trial judge here did so by offering Coppin the opportunity for a jury when the State sought to withdraw its jury demand, although he failed to demand one before the setting of the case for trial. Moreover, the trial judge established by colloquy, on the record, that Coppin expressly waived his right to a trial by jury when the State withdrew its demand, a waiver he expressly acknowledges and does not challenge on appeal.

---

[30] *Id.*

[31] RCW 71.09.060(1); *In re Det. of Keeney*, 141 Wn. App. 318, 327, 169 P.3d 852 (2007).

[32] *See, e.g., In re Williams*, 147 Wn.2d at 489-91 (concluding that CR 35, a civil discovery rule relating to mental examinations, is inconsistent with the SVPA).

[33] *See* CR 1 (The civil rules "shall be construed and administered to secure the *just*, speedy, and inexpensive determination of every action." (emphasis added)); *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 498, 933 P.2d 1036 (1997) ("[O]ur overriding responsibility is to interpret the rules in a way that advances the underlying purpose of the rules, which is to reach a just determination in every action.").

¶36 In sum, we conclude that the provisions of CR 38 can and should be harmonized with former RCW 71.09.050(3) to the extent of our discussion here. The application of the rule to the particular circumstances of each case is left to the sound exercise of discretion by a trial judge.

¶37 The correct review standard for considering this question is well settled. "[T]he decision to grant or deny a motion to withdraw a previously executed jury waiver is within the trial court's discretion."[34]

¶38 Here, on the first morning of the scheduled trial, Coppin asked the trial court to set his case for a jury trial. The sole reason for the request was that he changed his mind during the six days following his express waiver of the right to a jury trial.

¶39 Defense counsel acknowledged that "[o]ne of the issues that the State has had is Dr. Doren is getting ready to retire. My client understands that. My client would also be willing to submit to another evaluation by an evaluator chosen by the State, and he would submit and cooperate in their efforts."[35] Defense counsel also acknowledged that Dr. Doren had given "over two years['] notice of his intent to retire."

¶40 The State opposed Coppin's request, arguing that Coppin had never filed a jury demand, that the State was prepared to go forward, and that Dr. Doren, who had flown in from out of state, would withdraw from the case if trial did not go forward that day.

¶41 The trial court denied Coppin's request. The court explained that if Coppin had asked for a jury at the previous week's hearing, then the court would have left intact the pool of potential jurors that was scheduled to come in for trial that morning. But because Coppin consented to the State's withdrawal of its jury demand the previous week, no potential jurors were summoned.

---

[34] *State v. Ashue*, 145 Wn. App. 492, 503, 188 P.3d 522 (2008) (citing *Williams*, 101 Wn.2d at 452); *see also Balise*, 71 Wn.2d at 339-40.

[35] Report of Proceedings (Jan. 22, 2008) at 5-6.

¶42 Additionally, the court indicated that neither the State nor the defense was prepared to try the case to a jury. Neither counsel objected to that characterization of the situation. As the court observed, it gave Coppin "every opportunity" the week before to request a jury, but he instead consented to a bench trial.

¶43 Our supreme court's decision in *City of Seattle v. Williams*[36] provides additional guidance regarding the trial court's exercise of discretion in a situation like this. There, the court held that a court may ask a defendant to waive his right to a jury trial, subject to certain conditions.[37] That court found the reasoning expressed by the Supreme Court of Virginia in *Thomas v. Commonwealth*[38] helpful.[39]

¶44 In *Thomas*, the court held that a defendant should be permitted to withdraw his jury trial waiver unless granting the request would prejudice the State, delay the trial, impede justice, or inconvenience the witnesses.[40] As we have explained, this record shows that nearly all of the concerns cited in *Thomas* were present here. Granting the request on the morning of trial would have prejudiced the State, delayed the trial, and inconvenienced the State's primary witness. The trial court did not abuse its discretion in denying Coppin's request for a jury on the first morning of trial.

¶45 Coppin argues that under former RCW 71.09.050(3), the trial court did not have discretion to deny the motion. He argues that "under the plain language of the statute, a trial court must honor a jury demand even if it is made orally, late in the proceedings, and after an initial waiver of the jury right."[41] This is unpersuasive for the reasons we

---

[36] 101 Wn.2d 445, 680 P.2d 1051 (1984).

[37] *Id.* at 452-53.

[38] 218 Va. 553, 238 S.E.2d 834 (1977).

[39] *Williams*, 101 Wn.2d at 452-53.

[40] *Id.* (citing *Thomas*, 218 Va. 553).

[41] Appellant's Opening Brief at 10.

explained earlier in this opinion. Although the statute is silent on the timing and procedure to be followed in making a jury demand in a civil case, CR 38 supplies these details. The court rule also specifies that failure to comply with these procedures impliedly waives a right to trial by jury. Accordingly, harmonizing the court rule and statute in these respects supports our conclusion that the trial court did not abuse its discretion.

¶46 We also note that this argument has illogical consequences. If there is no deadline for making a jury demand, may someone demand a jury if trial is already underway? This could allow an SVP respondent to manipulate the proceedings in a manner that is inconsistent with common notions of justice.[42] Likewise, the same rationale could apply to the State if it believed that things were not going well for its case during trial.

¶47 In sum, the trial court did not abuse its discretion in denying Coppin's request for a jury on the first morning of his trial, following his express waiver of a jury six days earlier.

## CRIME OF SEXUAL VIOLENCE

¶48 Coppin argues that the State failed to establish that he had been convicted of a "crime of sexual violence," as required by statute. We disagree.

■■■■■ ¶49 We review issues of statutory interpretation de novo.[43] "Our purpose in interpreting the statute is to determine and enforce the intent of the legislature."[44] In interpreting a statute, we look first to the statute's plain

---

[42] *See Thomas*, 218 Va. at 555 (" 'The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed.' " (quoting 47 Am. Jur. 2d *Jury* § 70, at 687)).

[43] *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

[44] *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 536, 199 P.3d 393 (2009).

language.[45] We assume the legislature means what it says.[46] When interpreting a statute, we must avoid unlikely, absurd, or strained results.[47]

¶50 Under the "plain meaning rule," we examine the language of the statute, other provisions of the same act, and related statutes to determine whether we can ascertain a plain meaning.[48] Each provision must be read in relation to the other provisions, and we construe the statute as a whole.[49] " 'Statutes on the same subject matter must be read together to give each effect and to harmonize each with the other.' "[50] If the plain language of the statute is unambiguous, this court's inquiry is at an end and we enforce the statute "in accordance with its plain meaning."[51]

¶51 In order to involuntarily commit a person under the SVPA, the State must provide evidence to prove beyond a reasonable doubt that the person is an SVP.[52] An "SVP" is defined as "any person who has been convicted of or charged with *a crime of sexual violence* and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility."[53]

¶52 Here, the State relied on Coppin's two 1988 Washington convictions for first degree statutory rape to establish that he had been convicted of a "crime of sexual

[45] *Armendariz*, 160 Wn.2d at 110.

[46] *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001).

[47] *Morris v. Blaker*, 118 Wn.2d 133, 143, 821 P.2d 482 (1992).

[48] *City of Seattle v. Allison*, 148 Wn.2d 75, 81, 59 P.3d 85 (2002).

[49] *In re Williams*, 147 Wn.2d at 490.

[50] *In re Det. of Boynton*, 152 Wn. App. 442, 452, 216 P.3d 1089 (2009) (quoting *US W. Commc'ns, Inc. v. Wash. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997)), *review denied*, 168 Wn.2d 1023 (2010).

[51] *Armendariz*, 160 Wn.2d at 110.

[52] RCW 71.09.060(1).

[53] RCW 71.09.020(18) (emphasis added). The definition of "sexually violent predator" has not changed since the legislature enacted the SVPA in 1990. Laws of 1990, ch. 3, § 1002.

violence," as required by RCW 71.09.020(18) and .060(1). Coppin does not contest these convictions, only their applicability to the sufficiency of evidence in this case.

¶53 RCW 71.09.020, the definitional section of the SVPA, does not define "crime of sexual violence." But we must read the definition of "SVP" in RCW 71.09.020(18) in relation to the other provisions of the statute, construing the statute as a whole.[54] When interpreting a statute, we must avoid unlikely, absurd, or strained results.[55]

¶54 RCW 71.09.020(17) defines "sexually violent offense."[56] The legislature expressly defined "sexually violent offense" to include statutory rape in the first degree.[57] Given this definition, it would be absurd to conclude that first degree statutory rape, a "sexually violent offense," is not also a "crime of sexual violence." Accordingly, Coppin's two 1988 convictions for statutory rape necessarily were for crimes "of sexual violence," as the SVP definition requires.

¶55 In view of this analysis, Coppin's argument that the State failed to prove that he had been convicted of or charged with a "crime of sexual violence" because it did not prove that the 1988 convictions for first degree statutory rape involved "violence," as defined by the dictionary, is also unpersuasive.

¶56 Coppin states the principle that where the legislature uses different language in the same statute, different meanings are intended.[58] But there is no material difference between the term "violent" used in subsection 17 and the term "violence" used in subsection 18. Coppin argues

---

[54] *In re Williams*, 147 Wn.2d at 490.

[55] *Morris*, 118 Wn.2d at 143.

[56] RCW 71.09.020(17).

[57] RCW 71.09.020(17)(a). This aspect of the definition of "sexually violent offense" has not changed since the legislature enacted the SVPA in 1990. LAWS OF 1990, ch. 3, § 1002(4) (" 'Sexually violent offense' means . . . statutory rape in the first or second degree.").

[58] Appellant's Opening Brief at 15 (citing *State v. Costich*, 152 Wn.2d 463, 475-76, 98 P.3d 795 (2004)).

that the State did not prove his acts were "violent," yet the legislature has expressly declared his convictions to fall within those that are defined as "sexually *violent* offenses."

¶57 Coppin also cites authority to show that the SVPA must be strictly construed to its terms because it curtails civil liberties.[59] This principle, while correct, does not require a different result here. " 'To strictly construe a statute simply means that given a choice between a narrow, restrictive construction and a broad, more liberal interpretation, we must choose the first option.' "[60] The legislature has expressly designated first degree statutory rape as a "sexually violent offense."[61] Given this definition, there simply is no need to consider choices between "strict" or "liberal" interpretations of the statute.[62]

¶58 We affirm the order of commitment.

¶59 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

LEACH, A.C.J., and ELLINGTON, J., concur.

Review denied at 170 Wn.2d 1025 (2011).

---

[59] *Id.* at 14 (citing *In re Det. of Martin*, 163 Wn.2d 501, 508, 182 P.3d 951 (2008)).

[60] *Martin*, 163 Wn.2d at 510 (quoting *Pac. Nw. Annual Conference of United Methodist Church v. Walla Walla County*, 82 Wn.2d 138, 141, 508 P.2d 1361 (1973)).

[61] RCW 71.09.020(17).

[62] *See Martin*, 163 Wn.2d at 510.