# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re Detention of | ) | NO.70369-2-I |
| | ) | |
| J.G., | ) | DIVISION ONE |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | ORDER WITHDRAWING OPINION |
| v. | ) | AND SUBSTITUTING AMENDED |
| | ) | OPINION |
| J.G., | ) | |
| Appellant. | ) | |
| | ) | |

The panel on its own motion to correct a clerical error, withdraws the opinion filed on August 5, 2013, and replaces it with an amended opinion. Therefore

IT IS ORDERED that the unpublished opinion of this court filed in the above-entitled action on August 5, 2013, be withdrawn, and

IT IS ORDERED that the amended opinion be substituted in its place.

Dated this 19th day of August 2013.

FOR THE PANEL:

_____
Judge

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re Detention of )  NO.70369-2-I
)
J.G., )  DIVISION ONE
)
STATE OF WASHINGTON, )
)
Respondent, )  UNPUBLISHED OPINION
v. )
)  FILED: August 19, 2013
J.G., )
)
Appellant. )
_____ )

LAU, J. — Under the involuntary treatment act, chapter 71.05 RCW, a person named in a 90-day involuntary treatment petition implicitly waives a jury trial unless he or she demands a jury as provided by Superior Court Mental Proceedings Rule (MPR) 3.3(b). Because our record contains no evidence that JG demanded a jury trial under MPR 3.3(b), we hold that the trial court properly entered its 90-day involuntary treatment order without a jury trial.

FACTS

On April 20, 2012, the State petitioned under chapter 71.05 RCW to involuntarily detain JG, alleging that his schizoaffective disorder and history of alcohol abuse rendered him gravely disabled. That same day, the trial court ordered an initial 72-hour detention. On April 23, the State filed a 14-day involuntary treatment petition. Following a probable cause hearing, the court ordered up to 14 days of involuntary treatment. On May 3, the State petitioned for an additional 90 days of involuntary treatment.

The court heard the 90-day petition on May 8. Defense counsel appeared and stated he met with JG twice before the hearing. Counsel indicated that JG expressed interest in a jury trial but ultimately decided he wanted an immediate decision on the petition. JG, who was present at the hearing, agreed that counsel's remarks were accurate. The court proceeded to hear the petition without a jury.

A mental health professional who evaluated JG testified that among other grounds supporting involuntary treatment, JG had poor hygiene, often urinated on the floor, required crushed medication, and was paranoid, delusional, and strongly influenced by internal stimuli. She also testified he had no independent living skills and would not be able to care for himself if released. JG also testified. He stated that if released, he would take a bus to Walla Walla and stay at a labor camp apartment.

The court found by clear, cogent, and convincing evidence that JG was gravely disabled and that less restrictive alternatives to involuntary detention were not in his best interests. It ordered up to 90 days of involuntary treatment at Western State Hospital. JG appeals his 90-day involuntary treatment order.

ANALYSIS

JG's sole contention is that the trial court erred in ordering involuntary treatment without an effective waiver of his right to a jury trial.[1] We hold that JG waived his jury trial right by failing to demand a jury as provided by MPR 3.3(b).

A person named in a 90-day involuntary treatment petition has a right to a jury trial under Washington Constitution, article 1, section 21, which provides, "The right of trial by jury shall remain inviolate . . . ." But while the right to a jury trial remains inviolate, "the legislature may provide . . . for waiving of the jury in civil cases where the consent of the parties interested is given thereto." WASH. CONST., art. 1, § 21. When it enacted the involuntary treatment act, the legislature conferred express authority on our Supreme Court to "adopt such rules as it shall deem necessary with respect to the court procedures and proceedings provided for by this chapter." RCW 71.05.570. The Supreme Court then promulgated the MPR. See In re Matter of McLaughlin, 100 Wn.2d 832, 844, 676 P.2d 444 (1984). As discussed below, MPR 3.3(b) provides that a detained person waives a jury trial absent a jury demand.

When the State files a 90-day involuntary treatment petition, the court clerk must set a time for a preliminary appearance on the following judicial day unless the detained person's attorney waives the appearance. RCW 71.05.300(1). At the preliminary appearance, the court must advise the detained person of his or her right to a jury trial.[2]

_____

[1] JG argues, "The court erred in entering a 90-day commitment order without appellant's knowing, intelligent and voluntary waiver of his right to a jury trial." Br. of Appellant at 1.

[2] Our record does not indicate whether JG appeared at or waived the preliminary appearance. Regardless, he makes no argument related to that issue. Any assignment

-3-

RCW 71.05.300(2). The detained person then has two judicial days to demand a jury trial "by serving upon the prosecuting attorney a demand therefor in writing, by filing the demand therefor with the clerk." MPR 3.3(b). If the detained person demands a jury trial as provided by MRP 3.3(b), a jury trial must commence within ten judicial days after the preliminary appearance. RCW 71.05.310. Otherwise, "the matter shall be heard without a jury." MPR 3.3(b).

JG contends that a jury trial waiver is effective only if the record affirmatively establishes that the wavier was knowing, voluntary, and intelligent. While the knowing, voluntary, and intelligent requirement unquestionably applies to jury trial waivers in criminal cases,[3] JG cites no controlling case authority applying that requirement to civil involuntary treatment proceedings under chapter 71.05 RCW.[4] Further, he offers no persuasive rationale to depart from the procedures discussed above, which are consistent with the general approach to jury trial rights in civil cases.[5] We adhere to the jury demand and waiver procedures in MRP 3.3(b) and RCW 71.05.300–.310.[6]

---

of error involving the preliminary appearance is waived. RAP 10.3(a)(4); RAP 10.3(g); Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co., 160 Wn. App. 912, 922, 250 P.3d 121 (2011).

[3] See, e.g., City of Bellevue v. Acrey, 103 Wn.2d 203, 207, 691 P.2d 957 (1984) (a criminal defendant must waive his or her right to a jury trial knowingly, voluntarily, and intelligently); State v. Hos, 154 Wn. App. 238, 249, 225 P.2d 389 (2010) (same).

[4] In In re Detention of J.S., 138 Wn. App. 882, 895, 159 P.3d 435 (2007), Division Two of this court required a knowing, voluntary, and intelligent waiver of the right to counsel in involuntary treatment proceedings under chapter 71.05 RCW. J.S. is inapposite because it did not address the question of jury trial waivers.

[5] See CR 38(b)-(d) (jury waived unless requesting party files and serves a jury demand and pays the jury fee); CR 39(b)(1) (issues for which no jury demand is made will generally be tried by the court); Sackett v. Santilli, 101 Wn. App. 128, 133-34, 5

Our record contains no evidence that JG demanded a jury trial under MPR 3.3(b). Accordingly, we hold that the trial court did not err when it decided the State's petition without a jury. We affirm the court's 90-day involuntary treatment order.

WE CONCUR:

---

P.3d 11 (2000) (civil rules permitting implied consent to bench trial in the absence of a jury demand comport with Washington Constitution, article 1, section 21); see also 4A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE MPR 3.3, at 601 (7th ed. 2008) ("The statute [RCW 71.05.310] allows a jury trial on the issue of 90-day or 180-day treatment, but does not specify a procedure for demanding a jury trial. MPR 3.3(b) fills this gap with an adaptation of CR 38(b)."). We note that in proceedings under the sexually violent predator act, chapter 71.09 RCW, no jury trial is held unless demanded by the detained person, prosecuting agency, or judge. RCW 71.09.050(3); In re Det. of Coppin, 157 Wn. App. 537, 542, 238 P.3d 1192 (2010).

[6] JG articulates no cogent argument that MPR 3.3(b) is unconstitutional.