**STANDARD OIL CO et v ZANGERLE et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided May 25, 1939

Frank T. Cullitan and Saul S. Danaceau, Cleveland, for Frank T. Cullitan.

Holliday, Grossman & McAfee, Cleveland, for Standard Oil Co.

**OPINION**

By HAMILTON, PJ.

These cases were argued and are considered together. They grow out of the listing of real property and improvements thereon, which were separately listed and assessed.

The Standard Oil Company appealed from the findings and listings of the auditor to the taxing board of review, which board affirmed the auditor in all respects. The oil company then appealed to the state tax commission which granted a substantial reduction

in valuation of the real estate and improvements thereon.

The prosecuting attorney of Cuyahoga county thereupon prosecuted error to the Common Pleas Court from the decision of the tax commission on both questions of value.

The cases were heard separately by different judges.

In the error case, as to the land value, the trial court held that the commission had failed to take evidence on and consider earnings of the lessor or the value of the property as a whole, and reversed the tax commission and remanded the question back to the tax commission, to fix valuation with these considerations.

From this decision, The Standard Oil Company appeals to this court.

It would appear from the judgment entry that the trial court had in mind the rate fixing power of the utilities commission and its method of fixing values. How the tax commission arrived at the valuation is not the question before the court. The matter for the court to decide was, did the complainant show by clear and convincing proof that the valuation fixed by the tax commission was wrong?

Sec. 5611-2, GC, provides:

"* * * No determination of the tax commission as to the value of property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property, as determined by the tax commission, is not the true value in money of such property."

On this appeal, we have not found the necessary proof to justify the setting aside of the valuation of the property in question, as fixed by the tax commission, and the Common Pleas Court erred in so doing.

The judgment is reversed and the valuation fixed by the tax commission is affirmed.

The appeal as to the separate valuation of the improvements on the real estate was tried separately to another common pleas judge, which resulted in an affirmance by that court of the action of the commission.

This appeal is from that affirmance.

The Standard Oil Company claims that a large part of the property valued by the tax commission as improvements is in fact personal property, and uses the law relating to fixtures in support of its claim.

The record discloses that for more than fifty years the county auditor has valued the large machinery and equipment used on the land in the distillation of crude oil and manufacturing by-products, as improvements, and the company paid taxes on the same as such without objection or complaint. It is only after the law permitting classification of property for taxation purposes became effective, and the act of the legislature taxing personal property used in business at 50% of its true value, that the oil company attempted to take out of the class of improvements so long acquiesced in and segregate all the improvements except fixtures to the class of personal property to secure the benefit of the 50% valuation.

The taxing laws no where use the term fixtures, but do use the word "improvements." Certainly, there can be improvements that might not be strictly fixtures.

Our conclusion in this appeal is that the evidence was not clear and convincing that the valuation of the improvements by the tax commission was not the true value in money of such property.

The trial court was justified in so finding and its judgment sustaining the valuation by the tax commission is affirmed.

The judgment in appeal No. 15959 is reversed, and the finding of the tax commission is affirmed.

The judgment in Nos. 17924 and in 15958 are affirmed.

MATTHEWS and ROSS, JJ., concur.