[No. 2974-1.    Division One.    February 2, 1976.]

MICHAEL E. PINNEO, *Appellant*, v. STEVENS PASS, INC., ET AL, *Respondents*.

*Newman & Bradshaw, Inc., P.S.,* and *Joel E. Bradshaw,* for appellant.

*Elvidge, Veblin, Tewell, Bergmann & Taylor, John E. Bergmann,* and *Stephen P. Larson,* for respondents.

CALLOW, J.—Plaintiff Michael E. Pinneo appeals from a summary judgment dismissing his action for personal injuries against the defendant Riblet Tramway Company, Inc., on the ground that the statute of limitation encompassed in RCW 4.16.300-.320[1] barred the action as a matter of law. The judgment is affirmed.

In 1953, Stevens Pass, Inc., operator of the Stevens Pass ski area, retained the defendant Riblet Tramway Company, Inc., to design and furnish chair lift No. 1 at the Stevens Pass ski area. Stevens Pass again contracted with Riblet in 1960 for the replacement of certain portions of the ski lift.

---

[1]"RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property." RCW 4.16.300.

"All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase 'substantial completion of construction' shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: *Provided,* That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues." RCW 4.16.310.

"Nothing in RCW 4.16.300 through 4.16.320 shall be construed as extending the period now permitted by law for bringing any kind of action." RCW 4.16.320.

Thirteen years later, on February 7, 1973, the plaintiff was night skiing at the ski area, fell, slid into a steel support tower for chair lift No. 1, and was injured. He commenced a personal injury action against both Stevens Pass and Riblet. Riblet moved for and was granted summary judgment.

The appeal questions the applicability of RCW 4.16.300 *et seq.*, and presents the sole issue of whether the ski lift constituted, as a matter of law, an "improvement upon real property" within the meaning of the term as found in RCW 4.16.300 *et seq.*

Stevens Pass occupied the ski area in a national forest under a special use permit with the United States. The plaintiff contends that, due to the terms of the special permit that requires the permittee to remove all structures and improvements at the termination of the permit, the ski lift is a "trade fixture," removable when the permit period ends, rather than an unremovable "fixture" attached to the realty.[2] The plaintiff asserts that, therefore, the chair lift is not an "improvement upon real property," and that this statute of limitation does not apply to the action. We are not persuaded, however, that the denomination of the ski lift as either a removable "trade fixture" or a "fixture" resolves the issue of whether the lift is an "improvement upon real property." The applicability of the statute is determined by the meaning of the term "improvement upon real property," rather than by drawing a distinction between "fixtures" and "trade fixtures."[3]

The only prior Washington case presented with the task of determining the scope of RCW 4.16.300 *et seq.*, *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wn.2d 528, 503 P.2d 108 (1972), held that a refrigeration system installed in a cold storage warehouse constituted an "improvement upon real property" under the stat-

[2]*United States v. Lambert*, 362 F. Supp. 609, 612 (D. Neb. 1973); Black's Law Dictionary 766, 890 (4th ed. 1951); 1 Bouvier's Law Dictionary 1238, 1517 (3d rev. ed. 1914).

[3]*Standard Oil Co. v. Zangerle*, 30 Ohio L. Abs. 63, 34 N.E.2d 256 (Ct. App. 1939).

ute. The court stated that, because of the manner, purpose, and effect of annexation of the refrigeration system into the warehouse, the system was realty and, as such, constituted an "improvement upon real property."

■ The word "improvement" has been construed previously by a number of cases without reference to these statutes. The term was defined in *Siegloch v. Iroquois Mining Co.*, 106 Wash. 632, 181 P. 51 (1919), as any betterment of a permanent nature which added to the value of the property as real property, and all buildings, structures, and machinery of a permanent nature that tended to increase the value of the property were to be included. The decision states at page 636:

> The term must mean improvements of the realty; that is to say, such things as are placed thereon by the way of betterments which are of a permanent nature and which add to the value of the property as real property. This would include buildings and structures of every kind, and also such machinery as was placed thereon of a permanent nature and which tended to increase the value of the property for the purposes for which it was used; . . .

An improvement has been regarded consistently as a term of broader significance than the word "fixture." As observed in *Allied Stores Corp. v. North West Bank*, 2 Wn. App. 778, 469 P.2d 993 (1970), at 782-83:

> Although in a general sense it can be said that all "fixtures" (as distinguished from "trade fixtures") become, at least temporarily, part of the real property and therefore "improvements," the converse is not true. Not all "improvements" are fixtures. . . .
>
> A "fixture" is a chattel which has been annexed to and has become a part of realty but which retains its separate identity and may be removed and become personalty again. . . . On the other hand, building materials, although chattels which may be affixed to the land, cannot be removed and regain their prior identity. When combined with labor, building materials become "improvements" to real property, irretrievably losing their separate identity. . . .

Whether an "improvement" is also a "fixture" is a mixed question of fact and law.

(Citations omitted.) *See also Forman v. Columbia Theater Co.*, 20 Wn.2d 685, 148 P.2d 951 (1944); *Reinoehl v. Vervaeke*, 196 Wash. 348, 82 P.2d 861 (1938); *Olympia Lodge 1 v. Keller*, 142 Wash. 93, 252 P. 121, 52 A.L.R. 795 (1927); Annot., 30 A.L.R.3d 998 (1970). The term has been held to include articles classified as "trade fixtures," but its definition must be confined to installations that are attached to realty. *Olympia Lodge 1 v. Keller, supra; Siegloch v. Iroquois Mining Co., supra*; Stoebuck, *The Law Between Landlord and Tenant in Washington*, 49 Wash. L. Rev. 291, at 374 (1974).

The legislative purpose in enacting RCW 4.16.300 *et seq.* suggests that a similarly comprehensive definition should be given to the term "improvement" as used in the statute of limitation context. The legislature adopted the particular statute of limitation to protect architects, contractors, engineers, and others from extended potential tort and contract liability. Comment, *Limitation of Action Statutes for Architects and Builders—Blueprints for Non-Action*, 18 Catholic U. Am. L. Rev. 361 (1969). The statute has a broad scope barring all causes of action that do not accrue within 6 years after substantial completion or termination of any of the specified services. Given the comprehensive coverage of the statute and the legislative intent behind its enactment,

> there seems no reason not to include within the favor of the statute all . . . whether they be planners and builders of structures, roads, playing fields or aught else that by broad definition can be deemed "an improvement to real property."

*Rosenberg v. North Bergen*, 61 N.J. 190, 198, 293 A.2d 662, 666 (1972).

■ We conclude that the ski lift is an "improvement" within the meaning of the statute. The ski lift adds to the value of the property, is an amelioration of its condition, and enhances its use. It is an improvement of the realty regardless of whether it is, as between the landlord and the

tenant, classified as a trade fixture. It is an "improvement upon real property" within the purview of RCW 4.16.300 *et seq.*, and these statutes preclude the instant cause of action which accrued more than 6 years after completion of the work of the defendant Riblet.

Affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied May 4, 1976.

Review denied by Supreme Court July 27, 1976.