## Daugherity v. Von Roll Habegger of America Inc.

*Paul H. Kahn,* for plaintiffs.

*Richard W. Folz Jr.,* for defendant Von Roll Habegger of America Inc.

SPICER, *P.J.*, July 10, 1990 — Plaintiffs, on behalf of themselves and their deceased son, sue as a result of the accidental death of that son. Clayton Daugherity received injuries after falling from ski lift number three at the Ski-Liberty resort in Adams County on February 24, 1985. Suit was commenced in Philadelphia and later certified to this court.

There are multiple defendants, as the caption will attest. One defendant has already been awarded summary judgment and two more motions are pending. At present, we consider the request by Von Roll Habegger of America Inc., successor to Hall Ski-Lift Company Inc. Von Roll argues that the suit is barred by the statute of repose contained in 42 Pa.C.S. §5536. The section reads:

"§5536. *Construction Projects*

"(a) *General rule* — Except as provided in subsection (b), a civil action of proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

"(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

"(2) Injury to property, real or personal, arising out of any such deficiency.

"(3) Injury to the person or for wrongful death arising out of any such deficiency.

"(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

"(b) *Exceptions*

"(1) If an injury or wrongful death shall occur more than ten and within 12 years after completion

of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

"(2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.

"(c) *No extension of limitations* — This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law."

The record, more particularly the deposition of Wallace B. Shank Sr., clearly establishes that the ski lift was constructed in 1970. The agreement between Charnita Inc., owner of the ski resort at the time of installation, and Hall provided that Hall furnish parts and engineering services. Installation, however, was to be arranged by Charnita, with supervision by Hall only if requested.

The complaint and expert reports provided Von Roll by plaintiffs clearly indicate a claim premised upon faulty design, manufacture, and assembly. The engineering report authored by R. Matthew Seiden states the ski lift should have been designed and built to prevent potentially dangerous access.

Von Roll argues that it is clearly entitled to summary judgment on the basis of the statute of repose. Plaintiffs argue that this is a products liability, not a construction, case. They also point to parts of Mr. Shank's brief in which he said Hall service

personnel corrected a gear alignment in the system in the late seventies or early eighties.

We thank Von Roll's counsel for a thorough brief. It carefully discusses all issues and provides impressive authority for its position. The court's opinion is not nearly so exhaustive because we find the case clearly governed by principles established by Supreme Court in *McCormick v. Columbus Conveyer Company*, 522 Pa. 520, 564 A.2d 907 (1989).

*McCormick* involved injuries sustained in a Bucknell University powerhouse. A conveyor belt which was part of a coal delivery system was the culprit. Plaintiff in that case argued, as have our plaintiffs, that the conveyor was part of "the overall system of machines" and, therefore, retained its status as a product. *McCormick* apparently did not involve the express argument that to hold otherwise would be tantamount to subverting products liability law.

The Supreme Court adopted the approach of the Superior Court in such cases as *Mitchell v. United Elevator Company*, 290 Pa. Super. 476, 434 A.2d 1243 (1981), and *Leach v. Philadelphia Savings Fund Society*, 234 Pa. Super. 486, 340 A.2d 491 (1975). These principles can be summarized as follows:

(1) "Improvement" is given its common and ordinary meaning.

(2) Items which otherwise might be considered as products become improvements to real estate when incorporated into such improvements.

(3) The statute is to be liberally construed.

(4) Any person furnishing or performing activities covered by the statute is immunized.

Thus, an acrylic skylight becomes a fixture when attached to the roof and subject to the statute. *Catanzaro v. Wasco Products Inc.*, 339 Pa. Super. 481, 489 A.2d 262 (1985). An elevator installed in a

building is an improvement, *Mitchell, supra,* as is the shaft. *Fetterhoff v. Fetterhoff,* 354 Pa. Super. 438, 512 A.2d 30 (1986), appeal denied, 514 Pa. 624, 522 A.2d 50 (1987).

Obviously, a ski lift system is an improvement to real estate.* Under *McCormick,* so are its component parts.

As to plaintiffs' argument that recognition of such facts subvert the law of products liability, we can only comment that the same argument could be made with respect to any statute of limitations. Nobody could seriously suggest that the legislature could not completely change the law of products liability, if it so decided.

Plaintiffs have not related how a gear alignment service call affects this statute. It had nothing to do with the "completion of construction." It has been characterized as a repair. The gear mechanism had no causal connection with the accident.

If we were to hold that every repair or act of maintenance postpones completion, we would reduce the statute to absurdity.

### ORDER OF COURT

And now, July 10, 1990, summary judgment is entered in favor of Von Roll Habegger of America Inc., and against plaintiffs.

---

* Aside from common sense, see *Pinneo v. Stevens Pass Inc.,* 14 Wash. App. 848, 545 P.2d 1207, review denied, 87 Wash. 2d 1006 (1976).