NEW GRADE INTERNATIONAL INC., a Washington Corporation, Plaintiff–Appellant,

v.

AUTOMATIC SPRINKLER CORPORATION OF AMERICA/ KIDDE FIRE FIGHTING (USA), a Pennsylvania Corporation, Defendant,

and

Scott Technologies, Inc., Defendant–Appellee.

No. 05–35024.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2006.*

Filed Nov. 9, 2006.

William E. Pierson, Jr., Esq., Seattle, WA, for Plaintiff–Appellant.

M. Kevin Underhill, Esq., Shook, Hardy & Bacon L.L.P., San Francisco, CA, John A. Knox, Esq., Williams Kastner & Gibbs, PLLC, Seattle, WA, Mordecai D. Boone, Esq., Shook, Hardy & Bacon, LLP, Kansas City, MO, for Defendant–Appellee.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY,** District Judge.

## MEMORANDUM***

New Grade International, Inc. appeals the district court's grant of summary judgment to Scott Technologies, Inc. We affirm.

The district court granted summary judgment to Scott on the basis that the State of Washington's six-year statute of repose for claims arising out of the construction of improvements on real property[1] barred New Grade's action. The district court determined that due to an amendment to the code in 2004, it was clear that Scott was a contractor and was protected by the statute. We agree. Under Washington law, it was proper to give the amendment retroactive effect because it was both clarifying and remedial in nature. *See Barstad v. Stewart Title Guar. Co.*, 145 Wash.2d 528, 39 P.3d 984, 989 (2002) (en banc); *McGee Guest Home, Inc. v. Dep't of Soc. & Health Servs.*, 142 Wash.2d 316, 12 P.3d 144, 149–50 (2000) (en banc); *In re Matteson*, 142 Wash.2d 298, 12 P.3d 585, 589–90 (2000) (en banc). In that regard, it is apparent that even before the amendment, the statute was

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* Wash. Rev.Code § 4.16.300 (2005); *see also* Wash. Rev.Code § 4.16.300 (2003).

intended to cover those in Scott's position.[2] The Washington Supreme Court had never held to the contrary. *Cf. Washburn v. Beatt Equip. Co.,* 120 Wash.2d 246, 840 P.2d 860, 865–67 (1992) (holding defendant to definition of "manufacturer" in a jury instruction proposed by defendant itself, and declining, therefore, to decide if that was a proper statement of the law for statute of repose purposes).[3]

AFFIRMED.

---

2. The fact that a contractor does cutting and fitting on a construction job does not turn the contractor into a manufacturer. *See Lakeview Boulevard Condo. Ass'n v. Apartment Sales Corp.,* 144 Wash.2d 570, 29 P.3d 1249, 1253–54 (2001) (en banc); *see also, Anderson Hay & Grain Co., v. United Dominion Indus.,* 119 Wash.App. 249, 76 P.3d 1205, 1210 (2003); *Berschauer/Phillips Const. Co. v. Seattle Sch. Dist. No. 1,* 124 Wash.2d 816, 881 P.2d 986, 990 n. 1 (1994) (en banc).

3. The district court did not err in considering an issue first raised in Scott's reply brief. *See Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1202 (9th Cir.2001). New Grade had an op-

portunity to respond. *See* W.D. Wash. CR 7(g); *Miller v. Glenn Miller Prods., Inc.,* 454 F.3d 975, 979 n. 1 (9th Cir.2006) (per curiam); *see also El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1040–41 (9th Cir.2003); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996).

