# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46902-2-II |
| Respondent, | |
| v. | |
| FRANKLIN H. WILCOX, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. – Frank H. Wilcox appeals the trial court's order that he register as a sex offender and serve three years of community custody.  He argues that the trial court's order resulted from an erroneous ruling that his conviction for failure to register as a sex offender under RCW 9A.44.132[1] qualifies as a "sex offense" under former RCW 9.94A.030(46)(a)(v) (2012).[2] Wilcox argues that his current conviction is not for a "sex offense" because his prior convictions for failure to register were under former RCW 9A.44.130 (2008), not RCW 9A.44.132.  We hold that the unambiguous plain language of former RCW 9.94A.030(46)(a)(v)[3] supports Wilcox's

---

[1] The legislature amended RCW 9A.44.132 in 2015.  Laws of 2015, ch. 261 § 5.  Because these amendments are not relevant here, we cite to the current version of the statute.

[2] A defendant found guilty of a "sex offense" is (1) required to register as a sex offender, RCW 9A.44.130(1)(a) and (2) subject to three years of community custody, RCW 9A.94A.701(1)(a).

[3] Former RCW 9.94A.030(46)(a)(v), the definitional statute in effect when Wilcox committed his current offense, defined "sex offense" as "[a] felony violation of RCW 9A.44.132(1) (failure to register) if the person has been convicted of violating *RCW 9A.44.132(1)* (failure to register) on at least one prior occasion."  (Emphasis added.)

argument and that the subsequent amendment to that statute does not apply retroactively. We reverse and remand this matter to the trial court to strike the sex offender registration requirement and the three-year community custody term, and to impose the proper term of community custody.

FACTS

The State charged Wilcox with felony failure to register as a sex offender under RCW 9A.44.132(1)(b) and alleged that this offense occurred between November 5, 2012 and August 21, 2013. Wilcox waived his right to a jury trial and entered into a stipulated facts bench trial.

Wilcox stipulated to several prior convictions, including convictions for felony failure to register as a sex offender in 1999 and 2000 under former RCW 9A.44.130(10).[4] The trial court found Wilcox guilty as charged.

At sentencing, Wilcox argued that his current conviction for failure to register was not a "sex offense" under former RCW 9.94A.030(46)(a)(v), because his previous convictions for failure to register were under former RCW 9A.44.130, not under RCW 9A.44.132. If he was correct, the statutory requirement to register as a sex offender and imposition of three years of community custody would be inapplicable. The trial court rejected this argument and imposed a sex offender registration requirement and three years of community custody.

Wilcox appeals the trial court's determination that his current offense qualifies as a "sex offense" and the resulting registration requirement and three-year community custody sentence.

---

[4] These prior failure to register convictions were under former RCW 9A.44.130(10) (1999), and former RCW 9A.44.130(10) (2000). For ease of reference, we refer to these statutes collectively as former RCW 9A.44.130(10).

ANALYSIS

## I. UNAMBIGUOUS STATUTE

Wilcox's prior failure to register offenses involved convictions under former RCW 9A.44.130. He argues that under the plain language of former RCW 9.94A.030(46)(a)(v), his current offense is not a "sex offense" because he has no prior convictions under RCW 9A.44.132. We agree.

## A. LEGAL PRINCIPLES

Whether Wilcox's prior failure to register convictions were "sex offenses" under former RCW 9.94A.030(46)(a)(v), is an issue of statutory interpretation and one of first impression. We review issues of statutory interpretation de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). "'Our purpose in interpreting the statute is to determine and enforce the intent of the legislature.'" *In re Det. of Coppin*, 157 Wn. App. 537, 551, 238 P.3d 1192 (2010) (quoting *Rental Housing Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 536, 199 P.3d 393 (2009)).

In interpreting a statute, we look first to the statute's plain language. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). To ascertain the plain language, we examine the statute's language, other provisions of the same act, and related statutes. *Coppin*, 157 Wn. App. at 552. If the statute's plain language is unambiguous, our inquiry is at an end, and we enforce the statute "'in accordance with its plain meaning.'" *Coppin*, 157 Wn. App. at 552 (quoting *Armendariz*, 160 Wn.2d at 110). But "[w]here the plain language of the statute is subject to more than one reasonable interpretation, it is ambiguous. . . . [W]e may attempt to discern the legislative

intent underlying an ambiguous statute from its legislative history." *Armendariz*, 160 Wn.2d at 110-11.

B. PLAIN LANGUAGE

Former RCW 9.94A.030(46)(a)(v) defined "sex offense" as "[a] felony violation of RCW 9A.44.132(1) (failure to register) if the person has been convicted of violating *RCW 9A.44.132(1)* (failure to register) on at least one prior occasion." (Emphasis added.) The statute specifies that the violation must be a violation of RCW 9A.44.132, not a violation of RCW 9A.44.130 or any former version of the failure to register statute. Thus, a plain reading of the statute supports Wilcox's argument.

The State argues that the inclusion of the parenthetical "(failure to register)" after the second citation to RCW 9A.44.132(1), supports the conclusion that the legislature intended to include prior convictions for failure to register under former RCW 9A.44.130 because otherwise this parenthetical would be superfluous. But this parenthetical reference, on its face, merely identifies RCW 9A.44.132 as the failure to register statute. It does not suggest the inclusion of any former statutes or otherwise create any ambiguity.

The State further argues that under RCW 1.12.028, the reference to RCW 9A.44.132 in former RCW 9.94A.030(46)(a)(v) should be read to include former RCW 9A.44.130 because RCW 9A.44.132 is essentially an amendment to former RCW 9A.44.130. RCW 1.12.028 provides, "If a statute refers to another statute of this state, the reference includes any *amendments to the referenced statute* unless a contrary intent is clearly expressed." (Emphasis added.) But this case involves amendments to former RCW 9A.44.130, which is not the "referenced statute."

4

The "referenced statute" is RCW 9A.44.132. Thus, we do not find this argument persuasive, and we hold that Wilcox's current offense is not a sex offense.

## II. EFFECT OF SUBSEQUENT AMENDMENT

We next consider the impact of the 2015 amendments. In 2015, our legislature amended former RCW 9.94A.030(46)(a)(v) to expressly include violations of the previous version of the failure to register statute:

> "Sex offense" means: . . . [a] felony violation of RCW 9A.44.132(1) (failure to register as a sex offender) if the person has been convicted of violating RCW 9A.44.132(1) (failure to register as a sex offender) *or 9A.44.130 prior to June 10, 2010,* on at least one prior occasion.

RCW 9.94A.030(47)(a)(v) (emphasis added); Laws of 2015, ch. 261, § 12; *see also* Laws of 2015, ch. 287, § 1 (changing subsection numbering from 46 to 47).[5] We hold that the amendment has no effect here.

We presume that a statutory amendment is prospective. *State v. Smith*, 144 Wn.2d 665, 673, 30 P.3d 1245, (2001), *as corrected*, 39 P.3d 294 (2002), *superseded by statute*, Laws of 2002, ch. 10, § 1. Court's generally disfavor retroactive application, but the State can overcome this presumption if it shows: (1) the legislature intended the amendment to apply retroactively, (2) the amendment is "curative," or (3) the amendment is remedial. *Smith*, 144 Wn.2d at 673. In this case, none of these factors exist.

---

[5] The legislature amended RCW 9.94A.030 again in 2016. Laws of 2016, ch. 81, § 16. The 2016 amendments are not relevant here.

Generally, if the legislature intends that a statute apply retroactively, the statutory language must clearly state so. *Smith*, 144 Wn.2d at 673. There is nothing in the amended statutory language that shows the legislature intended the amendments to apply retroactively. Furthermore, the effective date of the amendment was July 24, 2015, and there is no reference to retroactive application in the amendment or any related amendments. *See generally* Laws of 2015, ch. 261.

The amendment also is not curative. "A curative amendment clarifies or technically corrects an ambiguous statute." *Smith*, 144 Wn.2d at 674. Because we hold that the 2010 version of the statute was not ambiguous, the amendment is not a clarification or technical correction. *Smith*, 144 Wn.2d at 674. The amendment did not merely clarify the 2010 statute, it substantively changed the meaning by including prior convictions under former RCW 9A.44.130, which were previously not included.

Finally, the amendment is not remedial. "A remedial change is one that relates to practice, procedures, or remedies and does not affect a substantial or vested right." *Smith*, 144 Wn.2d at 674. The amendment increases the term of community custody. Increasing the term of community custody clearly has no relation to practice, procedures, or remedies. Thus, we hold that the 2015 amendment does not apply retroactively.

We reverse the trial court and remand this matter for the trial court to strike the sex offender registration requirement and the three-year community custody term, and to impose the proper term of community custody.[6]

SUTTON, J.

We concur:

JOHANSON, P.J.

MELNICK, J.

---

[6] The parties have also addressed whether the imposition of appellate costs against Wilcox is appropriate. Because the State is not the prevailing party, we need not address appellate costs.