**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

LINDA CAMERON for Herself and as
Personal Representative for the Estate
of GARY R. CAMERON, Deceased,

        Appellant,

v.

ATLANTIC RICHFIELD COMPANY
a/k/a ARCO; ASBESTOS CORP.,
LTD.; CBS CORPORATION, f/k/a
Westinghouse Electric Corporation;
CROWN CORK & SEAL COMPANY,
INC.; FOSTER WHEELER ENERGY
CORPORATION; GENERAL
ELECTRIC COMPANY; LONE STAR
INDUSTRIES, INC.; METROPOLITAN
LIFE INSURANCE COMPANY;
SABERHAGEN HOLDINGS, INC.;
and TRANSALTA CENTRALIA
GENERATION LLC,

        Defendants,

PACIFICORP, dba Pacific
Power & Light Company,

        Respondent.

No. 76663-5-I

DIVISION ONE

PUBLISHED OPINION

FILED: May 13, 2019

LEACH, J. — Gary Cameron died in 2012 of mesothelioma caused by asbestos exposure. Gary's wife, Linda Cameron,[1] appeals a summary judgment dismissing her claims against PacifiCorp, one of the companies she claims exposed Gary to asbestos. She challenges the trial court's conclusion that the six-year construction statute of repose,[2] which applies to improvements on real property, barred her claims. Cameron asserts that the current statute of repose applies and does not bar her claims. But the date of substantial completion of construction provides the operative date for application of the statute. Here, substantial completion occurred in 1972, so the 1967 version of the statute applies and bars her claims arising from construction activities but not those arising from PacifiCorp's status as a premises owner. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

The parties do not dispute the following facts. Pacific Power & Light Company, PacifiCorp's predecessor (together, "PacifiCorp"), and seven other utility companies sponsored construction of the Centralia Steam Plant (Plant) in the 1970s. PacifiCorp contracted with Bechtel Corporation for engineering and construction management and for construction of the Plant. In 1970, Bechtel hired Owens Corning Fiberglass to install thermal insulation materials at the

---

[1] For purposes of clarity, we use Gary Cameron's first name and Linda Cameron's surname.

[2] RCW 4.16.300, .310.

Plant. Asbestos was installed as part of the insulation. From April 26, 1971, to December 3, 1971, Gary Cameron worked at the Plant as a boilermaker. Construction finished in 1972. PacifiCorp retained its ownership interest in the Plant until 2000.

Gary was exposed to asbestos over the course of his career. He was diagnosed with mesothelioma in March 2012 and died in September 2012. Cameron sued PacifiCorp and others, claiming, in part, that a dangerous condition at PacifiCorp's facilities injured Gary. PacifiCorp asked the trial court to dismiss Cameron's claims against it on summary judgment. Cameron and PacifiCorp then agreed to address only the statute of repose issue and defer consideration of the remaining issues until the completion of additional discovery. The trial court granted PacifiCorp's dismissal request, concluding that the construction statute of repose barred Cameron's claims. Cameron appeals.

## STANDARD OF REVIEW

This court reviews summary judgment orders de novo and performs the same inquiry as the trial court.[3] Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law.[4]

---

[3] Life Designs Ranch, Inc. v. Sommer, 191 Wn. App. 320, 327, 364 P.3d 129 (2015).

[4] Life Designs, 191 Wn. App. at 327; CR 56(c).

-3-

Statutory interpretation is a question of law that this court reviews de novo.[5] When a statute is unambiguous, a reviewing court gives effect to the plain language of the statute.[6]

ANALYSIS

Cameron makes three related claims: that the current version of the construction statute of repose applies to this case, that genuine issues of material fact exist about whether the statute bars her claims, and that no version of the statute bars her claims arising out of PacifiCorp's status as a premises owner. We disagree about the first two claims and agree on the third one.

"A statute of repose terminates the right to file a claim after a specified time even if the injury has not yet occurred."[7] Two statutes comprise the construction statute of repose. RCW 4.16.300 defines the scope of the statute and describes those entitled to claim its protection. RCW 4.16.310 defines when this statute of repose bars a claim. Together, they bar certain claims arising from construction of any improvement upon real property that have not accrued within six years after substantial completion of construction.

---

[5] Williams v. Tilaye, 174 Wn.2d 57, 61, 272 P.3d 235 (2012).
[6] Parkridge Assocs. v. Ledcor Indus., Inc., 113 Wn. App. 592, 602, 54 P.3d 225 (2002).
[7] Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co., 176 Wn.2d 502, 511, 296 P.3d 821 (2013).

The history of this statute of repose bears on the outcome of this case. The legislature first enacted it in 1967.[8] In 1986, the legislature amended RCW 4.16.300 to exclude manufacturers from the statute's protections.[9] In 2004, the legislature again amended this statute, this time removing the language about manufacturers and specifically identifying the persons protected by the statute.[10]

The 1967 version of RCW 4.16.300 provided,

RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property.[11]

The 1986 version provided,

RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property. This section is intended to benefit only those persons referenced herein and shall not apply to claims or causes of action against manufacturers.[12]

---

[8] LAWS OF 1967, ch. 75, § 1, 2 (former RCW 4.16.300, .310 (1967)).
[9] LAWS OF 1986, ch. 305, § 703 (former RCW 4.16.300 (1986)).
[10] LAWS OF 2004, ch. 257, § 1 (RCW 4.16.300).
[11] LAWS OF 1967, ch. 75, § 1 (former RCW 4.16.300 (1967)).
[12] LAWS of 1986, ch. 305, § 703 (former RCW 4.16.300 (1986)). The underlined portion represents the 1986 amendment.

-5-

In 2004, the legislature amended both RCW 4.16.300 and Laws of 1986, chapter 305, section 703. This amendment changed the description of the persons protected by the statute: "This section is specifically intended to benefit persons having performed work for which the persons must be registered or licensed under RCW 18.08.310, 18.27.020, 18.43.040, 18.96.020, or 19.28.041, and shall not apply to claims or causes of action against persons not required to be so registered or licensed."[13] So the current version of the statute protects only persons registered or licensed as an architect, contractor, engineer or land surveyor, landscape architect, or electrician.[14]

The 1967 version of RCW 4.16.310 provided,

> All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: *Provided*, That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues.[15]

---

[13] LAWS OF 2004, ch. 257, § 1 (RCW 4.16.300).
[14] RCW 18.08.310, .27.020, .43.040, .96.020; RCW 19.28.041.
[15] LAWS OF 1967, ch. 75, § 2 (former RCW 4.16.310 (1967)).

The 1986 (current) version of RCW 4.16.310 provides,

All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: *Provided*, That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues. The limitations prescribed in this section apply to all claims or causes of action as set forth in RCW 4.16.300 brought in the name or for the benefit of the state which are made or commenced after June 11, 1986.[16]

## The 1967 Version of the Construction Statute of Repose Applies

The parties dispute which version of the statute of repose applies to Cameron's claim. She asserts that the current statute applies. She contends that the date her claim accrued, 2012, determines which version of the statute applies. She also claims that the 2004 amendment to RCW 4.16.300 applies to actions filed after August 1, 1986, so the current statute applies. Alternatively, Cameron asserts that RCW 4.16.300 applies retroactively. We disagree.

---

[16] LAWS OF 1986, ch. 305, § 702 (former RCW 4.16.310 (1986)). The underlined portion represents the 1986 amendment. In 2002, the legislature added a provision to former RCW 4.16.310 about written notice that is not relevant here. LAWS OF 2002, ch. 323, § 9 (RCW 4.16.310).

First, Cameron relies on <u>Washburn v. Beatt Equipment Co.</u>[17] Washburn suffered serious injuries from a 1986 propane fuel system explosion.[18] Beatt installed this propane system in 1969. Because our Supreme Court applied the 1986 statute of repose, the statute in effect when Washburn's claim accrued, and not the 1967 version,[19] Cameron asserts <u>Washburn</u> shows that the statute in effect when a claim accrues controls. But in <u>Washburn</u>, the issues before the court about the statute of repose concerned whether the pipeline was an "improvement" on real property and whether the contractor qualified as a "manufacturer" of the pipeline system; the parties did not contest which version of the statute applied to Washburn's claim.[20] And the <u>Washburn</u> opinion contains no analysis of this issue.

While not relied on by Cameron for this issue, two other reported Washington cases apply the statute of repose in effect when the injured party's claim accrued. In neither case did the court analyze the issue before this court.

In <u>Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.</u>,[21] a property owner and lessee sued a contractor for property damage allegedly caused by faulty installation of a refrigeration system substantially completed in 1961. This predated the first statute of repose. The refrigeration system failed in

_____

[17] 120 Wn.2d 246, 840 P.2d 860 (1992).
[18] <u>Washburn</u>, 120 Wn.2d at 252.
[19] <u>Washburn</u>, 120 Wn.2d at 252-54.
[20] <u>Washburn</u>, 120 Wn.2d at 251, 253-54.
[21] 81 Wn.2d 528, 529-30, 503 P.2d 108 (1972).

1968. Our Supreme Court applied the 1967 statute, the one in effect when plaintiffs' claims accrued, to bar the claim.[22] No party claimed that this statute did not apply.

And in Pinneo v. Stevens Pass, Inc.,[23] the court applied the 1967 statute to a project substantially completed in 1960. But the court considered only one issue, whether a ski lift constituted, as a matter of law, "'an improvement upon real property.'"[24] No party claimed that the 1967 statute did not apply.

The parties have cited only one Washington state court decision analyzing the relationship between the statute of repose's bar, the date of completion, and the date a plaintiff's claim accrues. In 1000 Virginia Ltd. Partnership v. Vertecs Corp.,[25] decided after Washburn, Yakima Fruit, and Pinneo, our Supreme Court described an application of the statute of repose. It stated, "[I]f, for example, a negligence claim against a contractor arising out of the construction of a building does not accrue until seven years after substantial completion, it is barred by RCW 4.16.310 because it did not accrue within the six-year period of the statute of repose."[26] In the court's example, the statute of repose bars a negligence claim before it accrues. This result depends upon the date of substantial completion, not the date the plaintiff's claim accrues. Because Washburn,

---

[22] Yakima Fruit, 81 Wn.2d at 529-30.
[23] 14 Wn. App. 848, 545 P.2d 1207 (1976).
[24] Pinneo, 14 Wn. App. at 850 (quoting RCW 4.16.300).
[25] 158 Wn.2d 566, 575, 146 P.3d 423 (2006).
[26] 1000 Virginia, 158 Wn.2d at 575.

<u>Yakima Fruit</u>, and <u>Pinneo</u> provide no analysis of the issue before this court and 1000 Virginia does, we follow that guidance about the operation of a statute of repose. A court looks to the date of substantial completion to determine which version of the statute of repose applies.

Cameron also cites the principle that a court "look[s] to the subject matter regulated by the statute and considers its plain language to determine the precipitating or triggering event."[27] RCW 4.16.310 states that it does not apply to "any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues." She maintains that because ownership or tenancy may be relinquished or regained, it is not possible to determine whether the statute applies in any one instance until a claim actually accrues.

As the trial court aptly noted, Cameron's argument that the statute cannot be applied until a claim has accrued "conflicts with the purpose of the statu[t]e of repose, which was to bar claims that arise after completion of construction, even if no injury had yet occurred." Because the date of substantial completion starts the six-year period after which a person's claim is barred, the subject matter and plain language of the statute support using the date of substantial completion to determine which version of the statute of repose applies. Here, the Plant was

---

[27] <u>In re Estate of Haviland</u>, 177 Wn.2d 68, 75, 301 P.3d 31 (2013).

substantially complete by 1972. In 1972, the 1967 statute applied. Thus, the 1967 version of the statute of repose applies.

Cameron additionally claims the 2004 amendment applies to all actions filed after August 1, 1986. She correctly notes that the legislature's 2004 amendment revised both RCW 4.16.300 and section 703 of Laws of 1986, chapter 305.[28] She reasons that the 2004 amendment to RCW 4.16.300 incorporates the effective date of the 1986 amendment. This argument ignores the plain language of the relevant legislation and could lead to absurd results.

The legislature included the 1986 amendment to RCW 4.16.300 as section 703 of Laws of 1986, chapter 305, an act that made substantial changes to tort law across many statutes. Section 910 of this act states, in relevant part, "[T]his act applies to all actions filed on or after August 1, 1986."[29] It describes the effective date of the act and says nothing about the effective date of future amendments to the statutes amended by the act. Cameron's proposed construction would make section 910 apply to all future amendments to any statute amended by chapter 305 to make them also apply to all actions filed on or after August 1, 1986. Section 910 says nothing about future amendments, let alone their effective dates. Cameron does not explain how a court could apply a 2004 amendment to a statute to an action filed after August 1, 1986, and fully

---

[28] LAWS OF 2004, ch. 257, § 1 (RCW 4.16.300).
[29] LAWS OF 1986, ch. 305, § 910 (former RCW 5.40.901 (1986)).

resolved before 2004. While her argument would require this, the legislature could not have intended this meaning and used no words supporting it.

In Washington, an act takes effect 90 days after the legislative session in which the legislature that enacted it adjourns unless the legislature specifies a different effective date.[30] The 2004 amendment did not specify an effective date and explicitly amended only section 703 of Laws of 1986, chapter 305, not section 910 of Laws of 1986, chapter 305. Current RCW 4.16.300 applies to claims with an operative date any time after the effective date of the 2004 amendment.

Alternatively, Cameron claims that the current statute applies retroactively. A court presumes that a statute operates prospectively unless the legislature indicates that it operates retroactively.[31] But a statutory amendment is retroactive, if constitutionally permissible under the circumstances,[32] when "(1) the Legislature explicitly provides for retroactivity; (2) the amendment is curative;

---

[30] Hallin v. Trent, 94 Wn.2d 671, 675, 619 P.2d 357 (1980); see WASH. CONST. art. II, § 41.

[31] Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 223, 173 P.3d 885 (2007).

[32] 1000 Virginia, 158 Wn.2d at 584 (retroactive application may not "'run afoul of any constitutional prohibition'") (internal quotation marks omitted) (quoting McGee Guest Home. Inc. v. Dep't of Soc. & Health Servs., 142 Wn.2d 316, 324, 12 P.3d 144 (2000)).

or (3) the statute is remedial.'"[33] Cameron contends that the 2004 amendment to RCW 4.16.300 satisfies all three of these criteria.

First, she again asserts that the 2004 amendment incorporates the effective date of the 1986 amendment to show that the legislature explicitly provided for retroactivity. But we have rejected this claim. Cameron also cites language from the House Bill Report (HBR) on the 2004 amendment stating that the amendment would restore the original legislative intent of the statute, but the report says nothing about retroactivity and the act adopted by the legislature did not explicitly provide for retroactivity.

Next, Cameron maintains that the 2004 amendment is curative and remedial because the HBR and testimony in support of the bill indicated that the legislature intended the amendment to clarify the meaning of "manufacturers" in the 1986 amendment. "'A curative amendment clarifies or technically corrects an ambiguous statute.'"[34] "'A statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive or vested right.'"[35] "An amendment is curative and remedial if it clarifies or technically corrects an

---

[33] Densley, 162 Wn.2d at 223 (internal quotation marks and citations omitted) (quoting State v. T.K., 139 Wn.2d 320, 332, 987 P.2d 63 (1999)).
[34] State v. Wilcox, 196 Wn. App. 206, 212, 383 P.3d 549 (2016) (quoting State v. Smith, 144 Wn.2d 665, 674, 30 P.3d 1245 (2001)).
[35] 1000 Virginia, 158 Wn.2d at 586 (quoting Miebach v. Colasurdo, 102 Wn.2d 170, 181, 685 P.2d 1074 (1984)).

ambiguous statute without changing prior case law constructions of the statute."[36]

Cameron relies on New Grade International, Inc. v. Scott Technologies,[37] in which the Federal District Court for the Western District of Washington held that the 2004 amendment clarified the former statute and was thus retroactive. The court reasoned that the legislative history showed that the legislature intended for the amendment to distinguish contractors from manufacturers.[38]

We disagree with New Grade. "[A] statute fixing a time limitation upon the assertion of a right or the enforcement of an obligation will not be held by construction to operate retroactively, and it will be deemed so to operate only when, by its plain terms or by necessary implication, such intention is apparent."[39] The 2004 amendment neither states nor makes apparent any legislative intent that the statute applies retroactively. It limited application of RCW 4.16.310 to those licensed professionals named in RCW 4.16.300 and did not clarify or correct ambiguous language; it substantively changed the law, so it was not curative. In addition, because statutes of repose are substantive law[40]

---

[36] Barstad v. Stewart Title Guar. Co., 145 Wn.2d 528, 537, 39 P.3d 984 (2002).

[37] 2004 WL 5571416 (W.D. Wash. Nov. 30, 2004) (court order), aff'd, 205 F. App'x 571 (9th Cir. 2006).

[38] New Grade, 2004 WL 5571416, at *2-4.

[39] Lane v. Dep't of Labor & Indus., 21 Wn.2d 420, 423, 426, 151 P.2d 440 (1944) ("There is no constitutional inhibition against the revival of a barred remedy.").

[40] Rice v. Dow Chem. Co., 124 Wn.2d 205, 212, 875 P.2d 1213 (1994) ("The general authority is that statutes of repose are to be treated not as statutes

-14-

and the 2004 amendment made a substantive change, the amendment did not simply change a remedy and thus was not remedial.

Because the operative date of the statute of repose is the date of substantial completion of construction and the 2004 amendment to the statute does not apply retroactively, the 1967 version of the statute of repose applies here.

### The 1967 Version Bars Only Cameron's Claims Arising from Construction

Cameron contends that even the 1967 version of the statute does not bar her claims because it does not protect premises owners sued in their capacity as premises owners. To the extent that Cameron bases her claims on activities arising out of PacifiCorp's activities as a premises owner and not on its acts or omissions arising out of its construction activities, we agree.

Cameron relies on Pfeifer v. City of Bellingham,[41] in which our Supreme Court held that the construction statute of repose did not bar claims against the defendant construction company that was both the seller and builder of an apartment complex because the claim arose from the company's sales activities. The court explained, "[T]he focus is on activities. If the claim arises from those activities, the person is covered; if it does not, he is not covered. Here the claim

of limitation, but as part of the body of a state's substantive law in making choice-of-law determinations.").

[41] 112 Wn.2d 562, 564-65, 569, 772 P.2d 1018 (1989).

arises from concealment [of a known dangerous condition] during sale—the activity of selling is not covered."[42]

Here, Cameron sued PacifiCorp for both its construction activities and its activities as a premises owner. She alleged and the record shows that PacifiCorp performed engineering and construction observation services during the construction of the Plant and was not solely an uninvolved premises owner. But she also alleges that PacifiCorp "negligently failed to take corrective action to eliminate a dangerous condition that the defendants knew or in the exercise of reasonable care should have known existed at their facilities."

Former RCW 4.16.300 protects persons or entities that performed engineering services or observation of construction for any construction of an improvement upon real property. Consistent with our Supreme Court's reasoning in Pfeifer, because Cameron's claims arise from activities covered by the statute and activities not covered, the 1967 version of the statute applies to bar claims arising out of PacifiCorp's construction activities but not those arising out of its status as a premises owner.

PacifiCorp contends that RCW 4.16.310 bars claims arising out of its activities as a premises owner because it did not own the Plant when Cameron's claim accrued. PacifiCorp relies on this proviso in the statute, "*Provided*, That

---

[42] Pfeifer, 112 Wn.2d at 569.

this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues." This proviso only deprives an owner of a defense to claims arising out of construction activities when that owner still owns the property when the plaintiff's claim accrues. It does not provide any protection against claims arising out of other activities.

The trial court should not have dismissed Cameron's claims arising out of PacifiCorp's status as a premises owner as barred by the statute of repose.

## Policy Considerations

Cameron also contends that the legislature did not intend that the statute of repose applies to claims for latent occupational diseases such as mesothelioma. She states that no Washington appellate case has held that Washington's construction statute of repose applies to bar a claim for an occupational disease similar to mesothelioma. And she asserts that because mesothelioma has a latency period well beyond six years, application of the statute of repose to a mesothelioma plaintiff could cause a denial of access to the courts and raise constitutional concerns. Because this court generally will not consider issues raised for the first time on appeal,[43] we decline to review this claim.

---

[43] RAP 2.5(a).

The Trial Court's Denial of Cameron's Request for a Continuance

Last, Cameron claims that because PacifiCorp asserted for the first time in its reply brief to the trial court that the current statute of repose bars her claims, the trial court committed error when it relied, in part, on this argument in granting PacifiCorp summary judgment and in denying her request for a continuance to obtain discovery about the issue. We disagree.

By granting PacifiCorp's summary judgment motion and dismissing Cameron's claims against PacifiCorp, the trial court denied Cameron's request for a continuance contained in her response to PacifiCorp's reply. This court reviews a trial court's denial of a request for a continuance for an abuse of discretion.[44]

A court may deny a motion for a continuance when

> (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.[45]

King County Super. Ct. Local Civ. R. 7(b)(4)(G) states, "[A]ny reply material which is not in strict reply[ ] will not be considered by the court over objection of counsel except upon the imposition of appropriate terms, unless the court orders otherwise." In Cameron's memorandum in opposition to

---

[44] Tellevik v. Real Prop. Known as 31641 W. Rutherford St., 120 Wn.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992).
[45] Tellevik, 120 Wn.2d at 90.

PacifiCorp's motion for summary judgment, she claimed that the current statute applies. In reply, PacifiCorp asserted the same arguments that it does on appeal and stated that even if the current statute applies, it still bars Cameron's claim. Consistent with the local rule, PacifiCorp's reply directly responded to Cameron's argument that the current statute does not bar her claim. Thus, the trial court could consider PacifiCorp's arguments and did not abuse its discretion by denying Cameron's continuance.

## CONCLUSION

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. The 1967 version of the construction statute of repose applies to bar Cameron's claims arising out of PacifiCorp's construction activities but not those arising out of its acts or omissions as a premises owner.

Leach, J.

WE CONCUR:

Chun, J.

Dwyer, J.