IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79735-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS HAYES MOWER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Nicholas Mower contends his plea was not knowing and voluntary because the title and footer of the statement on plea of guilty incorrectly identified failure to register as a sex offender as a non-sex offense. The statement otherwise correctly identified the crime. Mower does not assert that these misstatements materially influenced his decision to plead guilty. He does not assert that he was unaware of the direct consequences of his plea. Rather than seeking to withdraw his plea, Mower seeks resentencing for a non-sex offense. These misstatements do not constitute manifest constitutional error and do not warrant the requested relief.

Mower also argues the court erred at sentencing when it found he had two prior qualifying convictions for failure to register. Under the law in effect at the time of the current offense, Mower had two prior qualifying convictions. Mower does not establish any error.

Therefore, we affirm.

FACTS

The State charged Mower with one count of failure to register as a sex offender and one count of escape. Mower pleaded guilty. The court sentenced Mower to the agreed recommendation of 43 months' incarceration and 36 months' community custody.

Mower appeals.

ANALYSIS

I.  Guilty Plea

Mower contends his plea was not knowing and voluntary because the title and footer of the statement on plea of guilty incorrectly identified failure to register as a sex offender as a non-sex offense.

Mower raises this issue for the first time on appeal.[1] Because "[d]ue process requires that a guilty plea be knowing, intelligent, and voluntary,"[2] Mower's claimed error implicates a constitutional right. But to obtain review, Mower must still establish the error is manifest. To establish an error is

---

[1] See RAP 2.5(a)(3) ("The appellate court may refuse to review any claim of error which was not raised in the trial court," but a party may raise a "manifest error affecting a constitutional right" for the first time on appeal.).

[2] In re Pers. Restraint of Stoudmire, 145 Wn.2d 258, 266, 36 P.3d 1005 (2001) (citing U.S. Const. amend. XIV; Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)).

manifest, the defendant must show "'the asserted error had practical and identifiable consequences in the trial of the case.'"[3]

Here, the State charged Mower with failure to register as a sex offender. But the statement on plea of guilty contained a footer on each page that read "Statement on Plea of Guilty (Non-Sex Offense)."[4] And the form was titled "Statement of Defendant on Plea of Guilty to Non-Sex Offense."[5]

But within the form, Mower stated, "I am charged with: ct 1 Failure to Register as a Sex Offender – 3rd Offense."[6] And the statement identified the correct elements of failure to register as a sex offender. Mower stated, "I plead guilty to: count 1 Failure to Register as a Sex Offender – Third Offense."[7] Additionally, Mower stated, "ON or about and between July 9, 2018 and October 7, 2018, in Skagit County, Washington, I had a duty to register with the Sheriff's department as a sex offender . . . and I failed to do so . . . and have been convicted of failure to register on at least two prior occasions."[8] Mower signed the statement, indicating he read and understood the form.

Mower does not assert that the misstatements in the footer and title of the form materially influenced his decision to plead guilty. He does not assert that he

---

[3] State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007) (internal quotation marks omitted) (quoting State v. WWJ Corp., 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)).

[4] Clerk's Papers (CP) at 13-23.

[5] CP at 13.

[6] Id. (emphasis added).

[7] CP at 21 (emphasis added).

[8] CP at 22 (emphasis added).

was unaware of the direct consequences of his plea. Mower does not seek withdrawal of his plea. Rather, Mower asks this court to remand for resentencing under the statutory scheme for non-sex offenses. But even if considered a form of specific performance, resentencing as a non-sex offense is not an available remedy because there was no mutual mistake or breach of the plea agreement.[9]

We conclude this misinformation did not render Mower's plea involuntary, does not constitute manifest constitutional error, and does not warrant the relief he requests on appeal.

II. Sentencing

Mower argues the court erred at sentencing when it found Mower had two prior qualifying convictions for failure to register.

"For purposes of sentencing, we look to the law in effect at the time the defendant committed the current offense."[10] Mower committed the current offense, the crime of failure to register as a sex offender, between July 9, 2018 and October 7, 2018. At that time, under RCW 9.94A.030(48)(a)(v), a "sex offense" included, in part, "[a] felony violation of RCW 9A.44.132(1) (failure to register as a sex offender) if the person has been convicted of violating RCW 9A.44.132(1) (failure to register as a sex offender) or 9A.44.130 prior to June 10, 2010, on at least one prior occasion."

---

[9] See State v. Barber, 170 Wn.2d 854, 859, 248 P.3d 494 (2011) ("Specific performance of a plea agreement arises in two main contexts: breach of the plea agreement by the prosecutor and mutual mistake by both parties (and the court) as to the consequences of the plea.") (emphasis added).

[10] In re Pers. Restraint of Carrier, 173 Wn.2d 791, 808-09, 272 P.3d 209 (2012) (emphasis added) (citing RCW 9.94A.345).

Mower relies on State v. Wilcox[11] to argue the court should not have counted his prior convictions. Before 2015, the definition of "sex offense" under (v) included only "felony violation of RCW 9A.44.132(1)."[12] In 2015, the legislature amended the statute to add convictions under RCW 9A.44.130.[13] In Wilcox, Division Two of this court found the 2015 amendment did not apply retroactively.[14] But in Wilcox, the defendant committed his current offense prior to the 2015 amendment. Here, Mower committed his current offense long after the 2015 amendment. Wilcox does not apply. At the time of the current offense, Mower had numerous prior failure to register offenses, including one in 2015 and one in 2010. Mower fails to establish the trial court incorrectly counted his prior failure to register offenses when it sentenced him as a third-time offender.

Therefore, we affirm.

_____

WE CONCUR:

_____          _____

---

[11] 196 Wn. App. 206, 383 P.3d 549 (2016).

[12] Former RCW 9.94A.030(46)(a)(v) (2012).

[13] LAWS OF 2015, ch. 261, § 12.

[14] Wilcox, 196 Wn. App. at 212-13.

5